**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

**TRANSMITTAL SHEET**
(Notice of Appellate Action)

Date Notice filed: 5/28/2025

Style of Case: White v. Bowling, et al

Appellant: Charla White

District Court No: 22-cv-00139-CVE-SH

Tenth Circuit Case No: .

☐ Amended NOA                    ☐ Cross Appeal

☐ Interlocutory Appeal           ☐ Successive Petition (2254 or 2255) (no fee)

Notice of appeal is enclosed to all parties (except to appellant in civil cases); Notice of Appeal, docket entries and district court order are enclosed to 10th Circuit Court of Appeals:

 Claire V. Eagan, U.S. District Judge:

### **APPEAL FILED BY PRO SE**

Appeal Fee Paid                                      ☐

IFP Granted                                          ☐

Motion for IFP on Appeal Form Mailed/Given           ☐

Motion for IFP on Appeal Filed                       ☐

### **APPEAL FILED BY COUNSEL**

Appeal Fee Paid                                      ☒

IFP Granted                                          ☐

Motion for IFP on Appeal Form Made Available         ☐

Motion for IFP on Appeal Filed                       ☐

Court Appointed Counsel (CJA/FPD)                    ☐

USA                                                  ☐

By: Mary Montgomery, Case Administrator       May 29, 2025  Phone: (918) 699-4700

Notice of Appellate Action                                          AP-01 (6/2022)

APPEAL,CLOSED,DISCREF,LC−1,PROTO

# U.S. District Court
# U.S. District Court for the Northern District of Oklahoma (Tulsa)
# CIVIL DOCKET FOR CASE #: <u>4:22−cv−00139−CVE−SH</u>

White v. Bowling, et al
Assigned to: Judge Claire V Eagan
Referred to: Magistrate Judge Susan E Huntsman
Case in other court:  Creek Cty Dist Ct, CV−22−00028
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 03/28/2022
Date Terminated: 04/30/2025
Jury Demand: Both
Nature of Suit: 555 Prisoner Petitions
(Prison Condition)
Jurisdiction: Federal Question

**Plaintiff**

**Charla White**
*f/k/a Long, as the Special Administratrix*
*of the Estate of Perrish Ni−Cole White*
−
Long
−
Estate of Perrish Ni−Cole White
−
Perrish Ni−Cole White

represented by **Brendan Michael McHugh**
Route 66 Attorneys, L.L.C.
Oklahoma (OK)
P.O. Box 1392
Claremore, OK 74018
918−608−0111
Email: mchugh8@att.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryon Davis Helm**
Smolen and Roytman
701 S CINCINNATI AVE
TULSA, OK 74119
918−585−2667
Fax: 918−585−2669
Email: bryonhelm@ssrok.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dana Grey Jim**
PO BOX 1011
VINITA, OK 74301
918−457−6626
Fax: 918−517−3431
Email: danajimlaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel E Smolen**
Smolen and Roytman
701 S CINCINNATI AVE
TULSA, OK 74119
918−585−2667
Fax: 918−585−2669
Email: danielsmolen@ssrok.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Robert Murray Blakemore**
Smolen and Roytman
701 S CINCINNATI AVE
TULSA, OK 74119
918–585–2667
Fax: 918–585–2669
Email: bobblakemore@ssrok.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Board of County Commissioners of the County of Creek**
*TERMINATED: 04/21/2022*

represented by **Michael Lee Carr**
McAfee & Taft
2 West 2nd Street
Williams Center Tower II
Suite 1100
Tulsa, OK 74103
918–587–0000
Fax: 918–599–9317
Email: mike.carr@mcafeetaft.com
*TERMINATED: 09/22/2022*
*LEAD ATTORNEY*

**<u>Defendant</u>**

**Bret Bowling**
*in his official capacity as Creek County Sheriff*

represented by **Andrew Alan Artus**
Collins Zorn & Wagner
429 NE 50TH ST 2ND FLR
OKLAHOMA CITY, OK 73105–1815
405–524–2070
Fax: 405–524–2078
Email: aaa@czwlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jamison Craig Whitson**
Collins Zorn & Wagner
429 NE 50TH ST 2ND FLR
OKLAHOMA CITY, OK 73105–1815
405–524–2070
Fax: 405–524–2078
Email: jcw@czwlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Paul Ashlock**
Justin Ashlock
Attorney

3624 Carolyn Ridge Rd
Norman, OK 73071
405–639–8081
Email: Justin.Ashlock@omes.ok.gov
*TERMINATED: 09/30/2024*
*LEAD ATTORNEY*

**Michael Lee Carr**
(See above for address)
*TERMINATED: 09/22/2022*
*LEAD ATTORNEY*

**Rebecca Boyer**
Collins, Zorn & Wagner, PLLC
429 N.E. 50th St, 2nd Flo
Okc, OK 73105
405–524–2070
Email: rab@czwlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Turn Key Health Clinics, L.L.C.**           represented by   **Alexandra Gabrielle Ah Loy**
*a domestic limited liability company*                         Hall Booth Smith, P.C.
6301 Waterford Blvd. Ste. 200
Oklahoma City, OK 73118
405–513–7111
Fax: 405–768–1414
Email: allieahloy@hallboothsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Payson Warner**
DeWitt Paruolo and Meek
705 N.W. 4th Street
Oklahoma City, OK 73102
405–705–3600
Email: ewarner@46legal.com
*TERMINATED: 04/28/2023*
*LEAD ATTORNEY*

**Geremy Rowland**
Hall Booth Smith, P.C.
6301 Waterford Boulevard
Suite 200
Oklahoma City, OK 73118
405–513–7111
Email: growland@hallboothsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Will Collins**

Hall Booth Smith, P.C.
6301 Waterford Blvd.
Ste. 200
Oklahoma City, OK 73118
405−509−7859
Email: willcollins@hallboothsmith.com
*TERMINATED: 12/13/2024*
*LEAD ATTORNEY*

**Zachary E Williams**
Hall Booth Smith, PC
6301 Waterford Blvd
Suite 200
Oklahoma City, OK 73118
405−513−7111
Email: zwilliams@hallboothsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cody Smith**                                    represented by   **Michael Lee Carr**
*inidividually*                                                    (See above for address)
*TERMINATED: 04/21/2022*                                           *TERMINATED: 09/22/2022*
                                                                   *LEAD ATTORNEY*

**Defendant**

**Michelle Stovall**                             represented by   **Andrew Alan Artus**
*individually*                                                    (See above for address)
*TERMINATED: 10/30/2024*                                          *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                 **Jamison Craig Whitson**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                 **Justin Paul Ashlock**
                                                                  (See above for address)
                                                                  *TERMINATED: 09/30/2024*
                                                                  *LEAD ATTORNEY*

                                                                 **Michael Lee Carr**
                                                                  (See above for address)
                                                                  *TERMINATED: 09/22/2022*
                                                                  *LEAD ATTORNEY*

                                                                 **Rebecca Boyer**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Todd Gene Inks**
*individually*
*TERMINATED: 10/30/2024*

represented by **Andrew Alan Artus**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jamison Craig Whitson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Paul Ashlock**
(See above for address)
*TERMINATED: 09/30/2024*
*LEAD ATTORNEY*

**Michael Lee Carr**
(See above for address)
*TERMINATED: 09/22/2022*
*LEAD ATTORNEY*

**Rebecca Boyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cynthia Thompson**
*individually*
*TERMINATED: 10/30/2024*

represented by **Andrew Alan Artus**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jamison Craig Whitson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Paul Ashlock**
(See above for address)
*TERMINATED: 09/30/2024*
*LEAD ATTORNEY*

**Michael Lee Carr**
(See above for address)
*TERMINATED: 09/22/2022*
*LEAD ATTORNEY*

**Rebecca Boyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**
*sued as: Does 1–5*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/07/2022 | | PETITION/COMPLAINT with Jury Demand filed in State Court against All Defendants by Charla White (ll, Dpty Clk) (Entered: 03/28/2022) |
| 03/28/2022 | 1 | NOTICE of Removal with Jury Demand from Creek County, case number CV–2022–28 (paid $402 filing fee; receipt number AOKNDC–2585475) by Board of County Commissioners of the County of Creek, Bret Bowling, Todd Gene Inks, Cody Smith, Michelle Stovall, Cynthia Thompson (With attachments) (Carr, Michael) (Entered: 03/28/2022) |
| 03/28/2022 | 2 | CIVIL COVER SHEET by Board of County Commissioners of the County of Creek, Bret Bowling, Todd Gene Inks, Cody Smith, Michelle Stovall, Cynthia Thompson (Carr, Michael) (Entered: 03/28/2022) |
| 03/28/2022 | 3 | ATTORNEY APPEARANCE by Michael Lee Carr on behalf of Board of County Commissioners of the County of Creek, Bret Bowling, Todd Gene Inks, Cody Smith, Michelle Stovall, Cynthia Thompson (Carr, Michael) (Entered: 03/28/2022) |
| 03/31/2022 | 4 | ATTORNEY APPEARANCE by Brendan Michael McHugh on behalf of Charla White (McHugh, Brendan) (Entered: 03/31/2022) |
| 03/31/2022 | 5 | JURY DEMAND by Charla White (McHugh, Brendan) (Entered: 03/31/2022) |
| 03/31/2022 | 6 | MINUTE ORDER by Judge Claire V Eagan – *Upon and since filing of the notice of removal*, Parties are to take notice that documents are being filed in this matter which incorrectly cite the case number. The correct case number, 22–CV–0139–CVE–SH, should be noted and corrected on all future pleadings. (Re: 4 Appearance – Attorney, 5 Jury Demand, 1 Notice of Removal, 3 Appearance – Attorney ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 03/31/2022) |
| 03/31/2022 | 7 | MOTION to Dismiss *and Brief in Support* by Board of County Commissioners of the County of Creek (With attachments) (Carr, Michael) (Entered: 03/31/2022) |
| 03/31/2022 | 8 | MINUTE ORDER by Judge Claire V Eagan , : Counsel for Board of County Commissioners of the County of Creek is directed to provide, forthwith and in a three–ring binder notebook for use by the Court, a paper copy of the document and/or exhibit(s) as filed at Dkt. # 7 . Said paper copy shall be a COMPLETE and EXACT duplicate of the filing AFTER it is filed with the Court, including the case and docket number information at the top of each page. Counsel shall not reorganize the filing or insert other separately docketed items. If a copy of a sealed item is ordered by the Court, then said copy shall be a separate and complete submission. (Re: 7 MOTION to Dismiss *and Brief in Support* ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 03/31/2022) |
| 03/31/2022 | 9 | Partial MOTION to Dismiss *and Brief in Support* by Bret Bowling, Todd Gene Inks, Cody Smith, Michelle Stovall, Cynthia Thompson (With attachments) (Carr, Michael) (Entered: 03/31/2022) |

| 04/01/2022 | 10 | MINUTE ORDER by Judge Claire V Eagan – *Pursuant to Fed. R. Civ. P. 16(b)(2), the Court finds good cause for delay in entering the scheduling order. If necessary, a scheduling order will be entered after ruling on the pending motions to dismiss (Dkt. ## 7, 9).* (Re: 7 MOTION to Dismiss *and Brief in Support*, 9 Partial MOTION to Dismiss *and Brief in Support* )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 04/01/2022) |
|---|---|---|
| 04/21/2022 | 11 | ATTORNEY APPEARANCE by Daniel E Smolen on behalf of All Plaintiffs [Note: Attorney Daniel E Smolen added to party Charla White(pty:pla).] (Smolen, Daniel) (Entered: 04/21/2022) |
| 04/21/2022 | 12 | ATTORNEY APPEARANCE by Robert Murray Blakemore on behalf of Charla White [Note: Attorney Robert Murray Blakemore added to party Charla White(pty:pla).] (Blakemore, Robert) (Entered: 04/21/2022) |
| 04/21/2022 | 13 | ATTORNEY APPEARANCE by Bryon Davis Helm on behalf of Charla White [Note: Attorney Bryon Davis Helm added to party Charla White(pty:pla).] (Helm, Bryon) (Entered: 04/21/2022) |
| 04/21/2022 | 14 | AMENDED COMPLAINT with Jury Demand against Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. *and DOES #1–5* (Re: State Court Petition/Complaint ) by Charla White (Blakemore, Robert) (Entered: 04/21/2022) |
| 04/22/2022 | 15 | MINUTE ORDER by Judge Claire V Eagan – *Pursuant to plaintiff's filing of 14 Amended Complaint* ; finding as moot 7 Motion to Dismiss; finding as moot 9 Motion to Dismiss (Re: 14 Amended Complaint )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 04/22/2022) |
| 04/22/2022 | 16 | SUMMONS Issued by Court Clerk as to Turn Key Health Clinics, L.L.C. (sc, Dpty Clk) (Entered: 04/22/2022) |
| 05/05/2022 | 17 | ANSWER with Jury Demand (Re: 14 Amended Complaint ) by Bret Bowling (Carr, Michael) (Entered: 05/05/2022) |
| 05/05/2022 | 18 | ANSWER with Jury Demand (Re: 14 Amended Complaint ) by Todd Gene Inks, Michelle Stovall, Cynthia Thompson (Carr, Michael) (Entered: 05/05/2022) |
| 05/05/2022 | 19 | ORDER by Judge Claire V Eagan , directing parties to file joint status report ( Status Report due by 6/6/2022) (RGG, Chambers) (Entered: 05/05/2022) |
| 06/06/2022 | 20 | JOINT STATUS REPORT by Charla White (Blakemore, Robert) (Entered: 06/06/2022) |
| 06/06/2022 | 21 | MINUTE ORDER by Judge Claire V Eagan , Parties are to take notice that documents are being filed in this matter which incorrectly cite the case number. The correct case number, 22–CV–0139–CVE–SH, should be noted and corrected on all future pleadings. (Re: 20 Joint Status Report per LCvR16–1(b)(1) )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 06/06/2022) |
| 06/07/2022 | 22 | SCHEDULING ORDER by Judge Claire V Eagan *(INITIAL)*, setting/resetting scheduling order date(s): ( Discovery due by 11/30/2022, Dispositive Motions due by 1/4/2023, Proposed Pretrial Order due by 2/21/2023, Pretrial Conference set for 3/8/2023 at 10:00 AM before Judge Claire V Eagan, Jury Trial set for 3/20/2023 at 09:15 AM before Judge Claire V Eagan) (RGG, Chambers) (Entered: 06/07/2022) |

| 06/16/2022 | 23 | SETTLEMENT CONFERENCE ORDER by Magistrate Judge Christine D Little , setting/resetting deadline(s)/hearing(s): *before ASJ Randall J. Snapp (his office)* ( Settlement Conference set for 12/8/2022 at 09:30 AM before Adjunct Settlement Judge) (LML, Chambers) (Entered: 06/16/2022) |
|---|---|---|
| 06/27/2022 | 24 | SUMMONS Returned Executed re: Turn Key Health Clinics, L.L.C. (Re: 14 Amended Complaint ) by Charla White (Smolen, Daniel) (Entered: 06/27/2022) |
| 08/03/2022 | 25 | ORDER by Magistrate Judge Christine D Little *advising the parties of a location change for the Settlement Conference set for 12/8/2022 at 9:30 a.m. before ASJ Randall J. Snapp* (Re: 23 Settlement Conference Order,, Setting/Resetting Deadline(s)/Hearing(s), ) (LML, Chambers) (Entered: 08/03/2022) |
| 09/01/2022 | 26 | ATTORNEY APPEARANCE by Andrew Alan Artus on behalf of Bret Bowling [Note: Attorney Andrew Alan Artus added to party Bret Bowling(pty:dft).] (Artus, Andrew) (Entered: 09/01/2022) |
| 09/01/2022 | 27 | ATTORNEY APPEARANCE by Justin Paul Ashlock on behalf of Bret Bowling [Note: Attorney Justin Paul Ashlock added to party Bret Bowling(pty:dft).] (Ashlock, Justin) (Entered: 09/01/2022) |
| 09/01/2022 | 28 | ATTORNEY APPEARANCE by Jamison Craig Whitson on behalf of Bret Bowling [Note: Attorney Jamison Craig Whitson added to party Bret Bowling(pty:dft).] (Whitson, Jamison) (Entered: 09/01/2022) |
| 09/02/2022 | 29 | SUMMONS Returned Executed re: Turn Key Health Clinics, L.L.C. (Re: 14 Amended Complaint ) by Charla White (Smolen, Daniel) (Entered: 09/02/2022) |
| 09/19/2022 | 30 | ATTORNEY APPEARANCE by Eric Payson Warner on behalf of Turn Key Health Clinics, L.L.C. [Note: Attorney Eric Payson Warner added to party Turn Key Health Clinics, L.L.C.(pty:dft).] (Warner, Eric) (Entered: 09/19/2022) |
| 09/19/2022 | 31 | ATTORNEY APPEARANCE by Alexandra Gabrielle Ah Loy on behalf of Turn Key Health Clinics, L.L.C. [Note: Attorney Alexandra Gabrielle Ah Loy added to party Turn Key Health Clinics, L.L.C.(pty:dft).] (Ah Loy, Alexandra) (Entered: 09/19/2022) |
| 09/19/2022 | 32 | MOTION to Dismiss for Failure to State a Claim *and Brief in Support* by Turn Key Health Clinics, L.L.C. (Warner, Eric) (Entered: 09/19/2022) |
| 09/20/2022 | 33 | ATTORNEY APPEARANCE by Andrew Alan Artus on behalf of Todd Gene Inks, Michelle Stovall, Cynthia Thompson [Note: Attorney Andrew Alan Artus added to party Todd Gene Inks(pty:dft), Attorney Andrew Alan Artus added to party Michelle Stovall(pty:dft), Attorney Andrew Alan Artus added to party Cynthia Thompson(pty:dft).] (Artus, Andrew) (Entered: 09/20/2022) |
| 09/20/2022 | 34 | ATTORNEY APPEARANCE by Jamison C. Whitson on behalf of Todd Gene Inks, Michelle Stovall, Cynthia Thompson (Whitson, Jamison C) Modified on 9/20/2022 to correct filer (lmt, Dpty Clk). (Entered: 09/20/2022) |
| 09/20/2022 | 35 | ATTORNEY APPEARANCE by Justin Paul Ashlock on behalf of Todd Gene Inks, Michelle Stovall, Cynthia Thompson [Note: Attorney Justin Paul Ashlock added to party Todd Gene Inks(pty:dft), Attorney Justin Paul Ashlock added to party Michelle Stovall(pty:dft), Attorney Justin Paul Ashlock added to party Cynthia Thompson(pty:dft).] (Ashlock, Justin) (Entered: 09/20/2022) |

| 09/20/2022 | 36 | MOTION to Withdraw Attorney(s) *Michael L. Carr* by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson (Artus, Andrew) (Entered: 09/20/2022) |
|---|---|---|
| 09/21/2022 | 37 | MINUTE ORDER by Court Clerk , directing Turn Key Health Clinics, L.L.C. to file a Corporate Disclosure Statement pursuant to FRCvP 7.1 within seven (7) days of this order, if they have not already done so. The parties shall use the form entitled Corporate Disclosure Statement available on the Courts website (please do not refile if already filed on non−court form unless directed to do so). If you have already filed your Corporate Disclosure Statement in this case, you are reminded to file a Supplemental Corporate Disclosure Statement within a reasonable time of any change in the information that the statement requires. (This entry is the Official Order of the Court. No document is attached.) (sc, Dpty Clk) (Entered: 09/21/2022) |
| 09/22/2022 | 38 | MINUTE ORDER by Judge Claire V Eagan ; terminating attorney Michael Lee Carr ; granting 36 Motion to Withdraw Attorney(s) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/22/2022) |
| 09/28/2022 | 39 | CORPORATE DISCLOSURE STATEMENT by Turn Key Health Clinics, L.L.C. (Ah Loy, Alexandra) (Entered: 09/28/2022) |
| 10/11/2022 | 40 | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 32 MOTION to Dismiss for Failure to State a Claim *and Brief in Support* ) by Charla White (Blakemore, Robert) (Entered: 10/11/2022) |
| 10/11/2022 | 41 | MINUTE ORDER by Judge Claire V Eagan − *Plaintiff's unopposed motion for extension of time 40 is granted as requested. Response / reply deadlines are extended as follows:* ; setting/resetting deadline(s)/hearing(s): ( Responses due by 10/18/2022, Replies due by 11/1/2022); granting 40 Motion for Extension of Time to Respond to Motion (Re: 32 MOTION to Dismiss for Failure to State a Claim *and Brief in Support*, 40 Unopposed MOTION for Extension of Time to Respond to Motion ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 10/11/2022) |
| 10/14/2022 | 42 | Joint MOTION to Strike Hearing(s)/Deadline(s) *and Brief in Support* by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson (Ashlock, Justin) (Entered: 10/14/2022) |
| 10/18/2022 | 43 | MINUTE ORDER by Judge Claire V Eagan − *The motion 42 is granted. All scheduling order deadlines, including the 3/8/2023 pretrial conference and the 3/20/2023 jury trial, are STRICKEN, to be reset after ruling on 32 motion to dismiss. Any request for resetting of 12/8/2022 settlement conference must be made by separate motion.* ; striking/terminating deadline(s)/Hearing(s); granting 42 Motion to Strike Hearing(s)/Deadline(s) (Re: 42 Joint MOTION to Strike Hearing(s)/Deadline(s) *and Brief in Support*, 23 Settlement Conference Order,, Setting/Resetting Deadline(s)/Hearing(s), 22 Scheduling Order,, Setting/Resetting Scheduling Order Date(s), ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) Modified on 10/20/2022 − **VACATED per 46** (sc, Dpty Clk). (Entered: 10/18/2022) |
| 10/18/2022 | 44 | ERRATA/CORRECTION (Re: 42 Joint MOTION to Strike Hearing(s)/Deadline(s) *and Brief in Support* ) by Charla White (Blakemore, Robert) (Entered: 10/18/2022) |
| 10/18/2022 | 45 | RESPONSE in Opposition to Motion (Re: 32 MOTION to Dismiss for Failure to State a Claim *and Brief in Support* ) by Charla White ; (With attachments) (Blakemore, Robert) (Entered: 10/18/2022) |

| 10/19/2022 | 46 | MINUTE ORDER by Judge Claire V Eagan – *Counsel for plaintiff has filed* 44 *advice that plaintiff is agreeable to an amended scheduling order extending all deadlines by 180 days, but opposes a blanket stay of this proceeding pending the outcome of* 32 *Turn Key's motion to dismiss (see also [42, 43]. Therefore, the Court hereby vacates 43 , and will enter an amended scheduling order extending previous dates* 22 *by 180 days. The motion* 42 *is granted in part.*, vacating/setting aside order(s) (Re: 43 Minute Order,,,, Striking/Terminating Deadline(s)/Hearing(s),,,,,,,, Ruling on Motion to Strike Hearing(s)/Deadline(s),,, 32 MOTION to Dismiss for Failure to State a Claim *and Brief in Support*, 42 Joint MOTION to Strike Hearing(s)/Deadline(s) *and Brief in Support*, 44 Errata/Correction to Document, 22 Scheduling Order,, Setting/Resetting Scheduling Order Date(s), ) (Documents Terminated: 43 Minute Order,,,, Striking/Terminating Deadline(s)/Hearing(s),,,,,,,, Ruling on Motion to Strike Hearing(s)/Deadline(s),,, )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 10/19/2022) |
| 10/19/2022 | 47 | SCHEDULING ORDER by Judge Claire V Eagan *(AMENDED) Extending unexpired deadlines.*, setting/resetting scheduling order date(s): ( Discovery due by 5/30/2023, Dispositive Motions due by 7/5/2023, Proposed Pretrial Order due by 8/21/2023, Pretrial Conference set for 9/6/2023 at 09:30 AM before Judge Claire V Eagan, Jury Trial set for 9/18/2023 at 09:15 AM before Judge Claire V Eagan) (Re: 46 Minute Order,,,,, Vacating/Setting Aside Order(s),,,,,,,,, ) (RGG, Chambers) (Entered: 10/19/2022) |
| 10/19/2022 | 48 | Unopposed MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Ashlock, Justin) (Entered: 10/19/2022) |
| 10/20/2022 | 49 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Christine D. Little (Re: 48 Unopposed MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 10/20/2022) |
| 10/27/2022 | 50 | ORDER by Magistrate Judge Christine D Little ; setting/resetting deadline(s)/hearing(s): *before ASJ Randall J. Snapp (his office)* ( Settlement Conference set for 6/1/2023 at 09:30 AM before Adjunct Settlement Judge); granting 48 Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference (Re: 48 Unopposed MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference ) (CDL2, Chambers) (Entered: 10/27/2022) |
| 11/01/2022 | 51 | REPLY to Response to Motion (Re: 32 MOTION to Dismiss for Failure to State a Claim *and Brief in Support* ) by Turn Key Health Clinics, L.L.C. ; (Warner, Eric) (Entered: 11/01/2022) |
| 11/10/2022 | 52 | Unopposed MOTION for Protective Order *and Brief in Support* by Bret Bowling (With attachments) (Ashlock, Justin) (Entered: 11/10/2022) |
| 11/14/2022 | 53 | PROTECTIVE ORDER by Magistrate Judge Susan E Huntsman ; granting 52 Motion for Protective Order (Re: 52 Unopposed MOTION for Protective Order *and Brief in Support* ) (kah, Chambers) (Entered: 11/14/2022) |
| 04/03/2023 | 54 | Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *to Extend the Scheduling Order Deadlines by 60 Days* (Re: 47 Scheduling Order,, Setting/Resetting Scheduling Order Date(s),,, ) by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Ah Loy, Alexandra) (Entered: |

| | | 04/03/2023) |
|---|---|---|
| 04/03/2023 | 55 | Agreed MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Ah Loy, Alexandra) (Entered: 04/03/2023) |
| 04/03/2023 | 56 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Christine D. Little (Re: 55 Agreed MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 04/03/2023) |
| 04/04/2023 | 57 | MINUTE ORDER by Judge Claire V Eagan – *The motion for extension of scheduling order deadlines (Dkt. # 54) is granted. However, due to heavy case load in this district, the requested deadlines will be accommodated generally, and may not be specific to the dates as requested. The previously set scheduling order dates, including the September 6, 2023 pretrial conference and the September 18, 2023 jury trial, are stricken. An amended scheduling order resetting unexpired deadlines will be entered forthwith.* ; striking/terminating deadline(s)/Hearing(s); granting 54 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 47 Scheduling Order,, Setting/Resetting Scheduling Order Date(s),,, 54 Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *to Extend the Scheduling Order Deadlines by 60 Days* ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 04/04/2023) |
| 04/04/2023 | 58 | SCHEDULING ORDER by Judge Claire V Eagan *(AMENDED) Extending unexpired deadlines.*, setting/resetting scheduling order date(s): ( Discovery due by 7/31/2023, Dispositive Motions due by 9/5/2023, Proposed Pretrial Order due by 10/23/2023, Pretrial Conference set for 10/30/2023 at 09:30 AM before Judge Claire V Eagan, Jury Trial set for 11/20/2023 at 09:15 AM before Judge Claire V Eagan) (Re: 57 Minute Order,,,, Striking/Terminating Deadline(s)/Hearing(s),,,,,,,, Ruling on Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s),,, ) (RGG, Chambers) (Entered: 04/04/2023) |
| 04/04/2023 | 59 | ORDER by Magistrate Judge Christine D Little ; setting/resetting deadline(s)/hearing(s): *before ASJ Randall J. Snapp (his office)* ( Settlement Conference set for 8/1/2023 at 09:30 AM before Adjunct Settlement Judge); granting 55 Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference (Re: 55 Agreed MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference ) (CDL2, Chambers) (Entered: 04/04/2023) |
| 04/26/2023 | 60 | NOTICE of Change of Address by Alexandra Gabrielle Ah Loy by on behalf of Turn Key Health Clinics, L.L.C. (Ah Loy, Alexandra) (Entered: 04/26/2023) |
| 04/27/2023 | 61 | MOTION to Withdraw Attorney(s) *Eric P. Warner* by Turn Key Health Clinics, L.L.C. (Warner, Eric) (Entered: 04/27/2023) |
| 04/28/2023 | 62 | MINUTE ORDER by Judge Claire V Eagan ; terminating attorney Eric Payson Warner ; granting 61 Motion to Withdraw Attorney(s) (Re: 61 MOTION to Withdraw Attorney(s) *Eric P. Warner* ) (This entry is the Official Order of the Court. No document is attached.) (crp, Dpty Clk) (Entered: 04/28/2023) |
| 05/10/2023 | 63 | OPINION AND ORDER by Judge Claire V Eagan ; denying 32 Motion to Dismiss for Failure to State a Claim (Re: 32 MOTION to Dismiss for Failure to State a Claim *and Brief in Support* ) (RGG, Chambers) (Entered: 05/10/2023) |

| 05/24/2023 | 64 | ANSWER with Jury Demand (Re: 14 Amended Complaint ) by Turn Key Health Clinics, L.L.C. (Ah Loy, Alexandra) (Entered: 05/24/2023) |
|---|---|---|
| 06/09/2023 | 65 | ATTORNEY APPEARANCE by Will Collins on behalf of Turn Key Health Clinics, L.L.C. [Note: Attorney Will Collins added to party Turn Key Health Clinics, L.L.C.(pty:dft).] (Collins, Will) (Entered: 06/09/2023) |
| 06/15/2023 | 66 | Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 58 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, ) by Charla White (Blakemore, Robert) (Entered: 06/15/2023) |
| 06/15/2023 | 67 | MINUTE ORDER by Judge Claire V Eagan – *The second joint motion for extension of scheduling order deadlines (Dkt. # 66) is granted. However, the requested deadlines will be accommodated generally, and may not be specific to the dates as requested. The previously set scheduling order dates, including the October 20, 2023 pretrial conference and the November 20, 2023, jury trial, are stricken. The 8/1/2023 Settlement Conference remains as previously set. An amended scheduling order resetting unexpired deadlines will be entered forthwith.* ; striking/terminating deadline(s)/Hearing(s); granting 66 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 59 Order,, Setting/Resetting Deadline(s)/Hearing(s),, Ruling on Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference, 66 Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 06/15/2023) |
| 06/15/2023 | 68 | SCHEDULING ORDER by Judge Claire V Eagan *(AMENDED) Extending unexpired deadlines.*, setting/resetting scheduling order date(s): *(Motions in Limine due 1/2/2024)* ( Discovery due by 10/2/2023, Dispositive Motions due by 11/6/2023, Proposed Pretrial Order due by 2/20/2024, Pretrial Conference set for 3/5/2024 at 09:30 AM before Judge Claire V Eagan, Jury Trial set for 3/18/2024 at 09:15 AM before Judge Claire V Eagan) (Re: 67 Minute Order,,,,, Striking/Terminating Deadline(s)/Hearing(s),,,,,,,,,, Ruling on Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s),,,, ) (RGG, Chambers) (Entered: 06/15/2023) |
| 07/10/2023 | 69 | Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Ashlock, Justin) (Entered: 07/10/2023) |
| 07/10/2023 | 70 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Christine D. Little (Re: 69 Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 07/10/2023) |
| 07/11/2023 | 71 | ORDER by Magistrate Judge Christine D Little ; setting/resetting deadline(s)/hearing(s): *before ASJ Randall J. Snapp (his office)* ( Settlement Conference set for 11/1/2023 at 09:30 AM before Adjunct Settlement Judge); granting 69 Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference (Re: 69 Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference ) (CDL2, Chambers) (Entered: 07/11/2023) |
| 08/18/2023 | 72 | Unopposed MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *re. Expert Identification and Reports* by Charla White (Blakemore, Robert) (Entered: 08/18/2023) |
| 08/18/2023 | 73 | |

| | | |
|---|---|---|
| | | Unopposed MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 68 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, ) by Charla White (Smolen, Daniel) (Entered: 08/18/2023) |
| 08/21/2023 | 74 | MINUTE ORDER by Judge Claire V Eagan – *The unopposed motion 73 is granted as to dates requested regarding plaintiff's and defendants' expert identification and reports. All other deadlines remain unchanged. Moot 72* . ; finding as moot 72 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s); granting 73 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 68 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, 72 Unopposed MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *re. Expert Identification and Reports*, 73 Unopposed MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 08/21/2023) |
| 09/12/2023 | 75 | Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) by Charla White (Blakemore, Robert) (Entered: 09/12/2023) |
| 09/13/2023 | 76 | MINUTE ORDER by Judge Claire V Eagan – *The joint motion for extension of scheduling order deadlines (Dkt. # 75) is granted. However, the requested deadlines will be accommodated generally, and may not be specific to the dates as requested. The previously set scheduling order dates, including the March 5, 2024 pretrial conference and the March 18, 2024 jury trial, are stricken. An amended scheduling order resetting unexpired deadlines will be entered forthwith.* ; striking/terminating deadline(s)/Hearing(s); granting 75 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 74 Minute Order,,,,,,,, Ruling on Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s),,,,,,, 68 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, 75 Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/13/2023) |
| 09/13/2023 | 77 | SCHEDULING ORDER by Judge Claire V Eagan *(AMENDED) Extending unexpired deadlines. Settlement conference remains 11/1/2023 as previously set.*, setting/resetting scheduling order date(s): *(Motions in Limine due 4/29/2024);* ( Discovery due by 1/30/2024, Dispositive Motions due by 3/5/2024, Proposed Pretrial Order due by 6/10/2024, Pretrial Conference set for 6/25/2024 at 10:00 AM before Judge Claire V Eagan, Jury Trial set for 7/15/2024 at 09:15 AM before Judge Claire V Eagan) (Re: 71 Order,, Setting/Resetting Deadline(s)/Hearing(s),, Ruling on Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference, 76 Minute Order,,,, Striking/Terminating Deadline(s)/Hearing(s),,,,,,,, Ruling on Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s),,, ) (RGG, Chambers) (Entered: 09/13/2023) |
| 09/20/2023 | 78 | Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference *and Associated Deadlines* by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Ashlock, Justin) (Entered: 09/20/2023) |
| 09/20/2023 | 79 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Christine D. Little (Re: 78 Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference *and Associated Deadlines* ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/20/2023) |
| 09/21/2023 | 80 | ORDER by Magistrate Judge Christine D Little ; setting/resetting deadline(s)/hearing(s): *before ASJ Randall J. Snapp (his office)* ( Settlement |

| | | |
|---|---|---|
| | | Conference set for 2/13/2024 at 09:30 AM before Adjunct Settlement Judge); granting 78 Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference (Re: 78 Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference *and Associated Deadlines* ) (CDL2, Chambers) (Entered: 09/21/2023) |
| 10/25/2023 | 81 | MOTION for Writ of Assistance *Pursant to 63 O.S. 2011, §§ 939 and/or 949* by Charla White (Helm, Bryon) (Entered: 10/25/2023) |
| 10/25/2023 | 82 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Susan E. Huntsman (Re: 81 MOTION for Writ of Assistance *Pursant to 63 O.S. 2011, §§ 939 and/or 949* )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 10/25/2023) |
| 11/13/2023 | 83 | ORDER by Magistrate Judge Susan E Huntsman ; granting 81 Motion for Writ of Assistance (Re: 81 MOTION for Writ of Assistance *Pursant to 63 O.S. 2011, §§ 939 and/or 949* ) (kah, Chambers) (Entered: 11/13/2023) |
| 12/19/2023 | 84 | Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 77 Scheduling Order,,,, Setting/Resetting Scheduling Order Date(s),,,,,,, ) by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Ah Loy, Alexandra) (Entered: 12/19/2023) |
| 12/19/2023 | 85 | Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Ah Loy, Alexandra) (Entered: 12/19/2023) |
| 12/19/2023 | 86 | MINUTE ORDER by Judge Claire V Eagan – *The joint motion for extension of scheduling order deadlines (Dkt. # 84) is granted. However, the requested deadlines will be accommodated generally, and may not be specific to the dates as requested. The previously set scheduling order dates, including the June, 25, 2024 pretrial conference and the July 15, 2024 jury trial, are stricken. An amended scheduling order resetting unexpired deadlines will be entered forthwith. The parties shall note that the February 14, 2024 settlement conference REMAINS AS PREVIOUSLY SET (see Dkt. # 80). (Motions in limine cutoff (Item # 10) will be set to occur after completion of ALL discovery related matters (after Item # 11e in the amended scheduling order).* ; striking/terminating deadline(s)/Hearing(s); granting 84 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 77 Scheduling Order,,,, Setting/Resetting Scheduling Order Date(s),,,,,,, 80 Order,, Setting/Resetting Deadline(s)/Hearing(s),, Ruling on Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference, 84 Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 12/19/2023) |
| 12/19/2023 | 87 | SCHEDULING ORDER by Judge Claire V Eagan *(AMENDED) Extending unexpired deadlines.*, setting/resetting scheduling order date(s): *(Motions in Limine due 7/29/2024)* ( Discovery due by 4/30/2024, Dispositive Motions due by 6/4/2024, Proposed Pretrial Order due by 9/10/2024, Pretrial Conference set for 9/24/2024 at 09:30 AM before Judge Claire V Eagan, Jury Trial set for 10/21/2024 at 09:15 AM before Judge Claire V Eagan) (Re: 86 Minute Order,,,,,, Striking/Terminating Deadline(s)/Hearing(s),,,,,,,,,,, Ruling on Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s),,,, ) (RGG, Chambers) (Entered: 12/19/2023) |
| 12/19/2023 | 88 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Christine D. Little (Re: 85 Joint MOTION to Accelerate/Extend/Reset Settlement |

| | | Deadline(s)/Conference )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 12/19/2023) |
|---|---|---|
| 12/19/2023 | 89 | ORDER by Magistrate Judge Christine D Little ; setting/resetting deadline(s)/hearing(s): *before ASJ Randall J. Snapp (his office)* ( Settlement Conference set for 5/8/2024 at 09:30 AM before Adjunct Settlement Judge); granting 85 Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference (Re: 85 Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference ) (CDL2, Chambers) (Entered: 12/19/2023) |
| 02/06/2024 | 90 | ATTORNEY APPEARANCE by Zachary E Williams on behalf of Turn Key Health Clinics, L.L.C. [Note: Attorney Zachary E Williams added to party Turn Key Health Clinics, L.L.C.(pty:dft).] (Williams, Zachary) (Entered: 02/06/2024) |
| 02/06/2024 | 91 | MOTION to Quash *by Turn Key Health Clinics, L.L.C. (With attachments) (Williams, Zachary) Modified on 2/6/2024 this is a two−part motion of which only one part was efiled − see dkt # 92 for Motion for Protective Order (dla, Dpty Clk). (Entered: 02/06/2024)* |
| 02/06/2024 | 92 | MOTION for Protective Order by Turn Key Health Clinics, L.L.C. (dla, Dpty Clk) Modified on 2/6/2024 submitted as dkt # 91 (dla, Dpty Clk). (Entered: 02/06/2024) |
| 02/06/2024 | | NOTICE of Docket Entry Modification; Error: This is a two−part motion of which only one part was efiled; Correction: efiled Motion for Protective Order dkt # 92 (Re: 91 MOTION to Quash *and Motion for Protective Order* ) (dla, Dpty Clk) (Entered: 02/06/2024) |
| 02/08/2024 | 93 | MINUTE ORDER by Judge Claire V Eagan − *Due to a modification of this district's jury trial schedule, the jury trial currently set for October 21, 2024 is STRICKEN and RESET to November 4, 2024 at 9:15 a.m. The pretrial conference set for September 24, 2024, and all other scheduling order deadlines, remain as previously scheduled.*, setting/resetting scheduling order date(s): ( Jury Trial set for 11/4/2024 at 09:15 AM before Judge Claire V Eagan) (Re: 87 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 02/08/2024) |
| 02/21/2024 | 94 | MINUTE ORDER by Magistrate Judge Susan E Huntsman *Plaintiff's response to the Motion to Quash and for Protective Order (ECF Nos. 91 & 92) was due on February 20, 2024, and is now overdue. Plaintiff shall file a response by February 22, 2024, or the motions may be deemed confessed. Defendant Turn Key may file a reply in support of the motion 7 days after the filing of Plaintiff's response.*, setting/resetting deadline(s)/hearing(s): ( Responses due by 2/22/2024, Replies due by 2/29/2024) (Re: 92 MOTION for Protective Order , 91 MOTION to Quash *and Motion for Protective Order* )  (This entry is the Official Order of the Court. No document is attached.) (kah, Chambers) (Entered: 02/21/2024) |
| 02/22/2024 | 95 | MOTION for Leave to File Exhibit Under Seal by Charla White (Blakemore, Robert) (Entered: 02/22/2024) |
| 02/22/2024 | 96 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Susan E. Huntsman (Re: 95 MOTION for Leave to File Exhibit Under Seal )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 02/22/2024) |
| 02/22/2024 | 97 | |

| | | |
|---|---|---|
| | | MINUTE ORDER by Magistrate Judge Susan E Huntsman ; granting 95 Motion for Miscellaneous Relief (Re: 95 MOTION for Leave to File Exhibit Under Seal ) (This entry is the Official Order of the Court. No document is attached.) (kah, Chambers) (Entered: 02/22/2024) |
| 02/22/2024 | 98 | RESPONSE in Opposition to Motion (Re: 91 MOTION to Quash *and Motion for Protective Order*, 92 MOTION for Protective Order ) by Charla White ; (With attachments) (Blakemore, Robert) (Entered: 02/22/2024) |
| 02/22/2024 | 99 | SEALED DOCUMENT (Blakemore, Robert) (Entered: 02/22/2024) Contains One or More Restricted PDFs |
| 02/22/2024 | 100 | SEALED DOCUMENT (Blakemore, Robert) (Entered: 02/22/2024) Contains One or More Restricted PDFs |
| 02/29/2024 | 101 | REPLY to Response to Motion (Re: 91 MOTION to Quash *and Motion for Protective Order*, 92 MOTION for Protective Order ) by Turn Key Health Clinics, L.L.C. ; (Williams, Zachary) (Entered: 02/29/2024) |
| 03/06/2024 | 102 | OPINION AND ORDER by Magistrate Judge Susan E Huntsman ; denying 91 Motion to Quash; denying 92 Motion for Protective Order (Re: 91 MOTION to Quash *and Motion for Protective Order*, 92 MOTION for Protective Order ) (kah, Chambers) (Entered: 03/06/2024) |
| 03/21/2024 | 103 | ATTORNEY APPEARANCE by Geremy Rowland on behalf of Turn Key Health Clinics, L.L.C. [Note: Attorney Geremy Rowland added to party Turn Key Health Clinics, L.L.C.(pty:dft).] (Rowland, Geremy) (Entered: 03/21/2024) |
| 03/21/2024 | 104 | Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 87 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, ) by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Ah Loy, Alexandra) (Entered: 03/21/2024) |
| 03/21/2024 | 105 | Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Ah Loy, Alexandra) (Entered: 03/21/2024) |
| 03/21/2024 | 106 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Christine D. Little (Re: 105 Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 03/21/2024) |
| 03/25/2024 | 107 | SCHEDULING ORDER by Judge Claire V Eagan *(AMENDED) Extending unexpired deadlines. Settlement Conference remains as set per 89 pending ruling on 105 . The motion 104 is granted.* ; setting/resetting scheduling order date(s): *(Motions in Limine due 9/30/24)* ( Discovery due by 7/1/2024, Dispositive Motions due by 8/5/2024, Proposed Pretrial Order due by 11/25/2024, Pretrial Conference set for 12/17/2024 at 10:00 AM before Judge Claire V Eagan, Jury Trial set for 1/6/2025 at 09:15 AM before Judge Claire V Eagan); granting 104 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 105 Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference , 87 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, 93 Minute Order,,, Setting/Resetting Scheduling Order Date(s),,,,, 89 Order,, Setting/Resetting Deadline(s)/Hearing(s),, Ruling on Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference, 104 Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) ) (RGG, |

| | | |
|---|---|---|
| | | Chambers) (Entered: 03/25/2024) |
| 03/28/2024 | 108 | ORDER by Magistrate Judge Christine D Little ; setting/resetting deadline(s)/hearing(s): *before ASJ Randall J. Snapp (his office)* ( Settlement Conference set for 7/9/2024 at 09:30 AM before Adjunct Settlement Judge); granting 105 Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference (Re: 105 Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference ) (CDL2, Chambers) (Entered: 03/28/2024) |
| 06/03/2024 | 109 | Unopposed MOTION to Depose Inmate Taevon Whisenton by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson (Ashlock, Justin) (Entered: 06/03/2024) |
| 06/04/2024 | 110 | ORDER by Judge Claire V Eagan – *Defendants' unopposed motion for leave to depose inmate Taevon Whisenton (Dkt. # 109) is granted. Defendants are granted leave to depose inmate Taevon Whisenton in accordance with the Federal Rules of Civil Procedure.* ; granting 109 Motion for Miscellaneous Relief (Re: 109 Unopposed MOTION to Depose Inmate Taevon Whisenton ) (RGG, Chambers) (Entered: 06/04/2024) |
| 07/01/2024 | 111 | MOTION to Compel *Non–Party Taevon Whisenton to Appear and Testify for Deposition* by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson (With attachments) (Ashlock, Justin) (Entered: 07/01/2024) |
| 07/01/2024 | 112 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Susan E. Huntsman (Re: 111 MOTION to Compel *Non–Party Taevon Whisenton to Appear and Testify for Deposition* )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 07/01/2024) |
| 07/02/2024 | 113 | MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference by Bret Bowling, John Doe, Todd Gene Inks, Cody Smith, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Rowland, Geremy) (Entered: 07/02/2024) |
| 07/02/2024 | 114 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Christine D. Little (Re: 113 MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 07/02/2024) |
| 07/03/2024 | 115 | MINUTE ORDER by Magistrate Judge Christine D Little *Defendants' Motion to Continue the Settlement Conference is granted. The settlement conference set for 7/9/24 at 9:30 a.m. before ASJ Randall Snapp is hereby stricken. The settlement conference will be reset once the court receives a new date from ASJ Snapp.* ; striking/terminating deadline(s)/Hearing(s); granting 113 Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference (Re: 113 MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference )  (This entry is the Official Order of the Court. No document is attached.) (CDL2, Chambers) (Entered: 07/03/2024) |
| 07/08/2024 | 116 | MINUTE ORDER by Magistrate Judge Christine D Little *The Settlement Conference is reset to 9/12/24 at 9:30 a.m. before ASJ Randall Snapp (his office). Plaintiff's Settlement Conference Statement is due by 8/22/24. Defendant's Settlement Conference Statement is due by 9/5/24. All guidelines set forth in the Court's original Settlement Conference Order (Doc. No. 23) shall remain in effect.*, setting/resetting deadline(s)/hearing(s): ( Settlement Conference set for 9/12/2024 at 09:30 AM before |

| | | |
|---|---|---|
| | | Adjunct Settlement Judge) (This entry is the Official Order of the Court. No document is attached.) (CDL2, Chambers) (Entered: 07/08/2024) |
| 07/24/2024 | 117 | OPINION AND ORDER by Magistrate Judge Susan E Huntsman ; granting 111 Motion to Compel (Re: 111 MOTION to Compel *Non–Party Taevon Whisenton to Appear and Testify for Deposition* ) (SHJ, Judge) (Entered: 07/24/2024) |
| 07/30/2024 | 118 | NOTICE of Deposition by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson (With attachments) (Ashlock, Justin) (Entered: 07/30/2024) |
| 07/30/2024 | 119 | Unopposed MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *of Scheduling Order* by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson (Ashlock, Justin) (Entered: 07/30/2024) |
| 07/31/2024 | 120 | MINUTE ORDER by Judge Claire V Eagan – *Defendants' unopposed motion for extension of scheduling order deadlines (Dkt. # 119) is granted. However, the requested deadlines will be accommodated generally, and may not be specific to the dates as requested. The previously set scheduling order dates, including the December 17, 2024 pretrial conference and the January 6, 2025 jury trial, are stricken. An amended scheduling order resetting unexpired deadlines will be entered forthwith. The parties shall note that the September 12, 2024 settlement conference REMAINS AS PREVIOUSLY SET (see Dkt. # 116).* ; striking/terminating deadline(s)/Hearing(s); granting 119 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 116 Minute Order,,, Setting/Resetting Deadline(s)/Hearing(s),, 119 Unopposed MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *of Scheduling Order* )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 07/31/2024) |
| 07/31/2024 | 121 | SCHEDULING ORDER by Judge Claire V Eagan *(AMENDED) Extending unexpired deadlines.*, setting/resetting scheduling order date(s): *(Motions in Limine due 10/30/2024)* ( Dispositive Motions due by 9/5/2024, Proposed Pretrial Order due by 12/30/2024, Pretrial Conference set for 1/21/2025 at 09:30 AM before Judge Claire V Eagan, Jury Trial set for 2/3/2025 at 09:15 AM before Judge Claire V Eagan) (Re: 116 Minute Order,,, Setting/Resetting Deadline(s)/Hearing(s),, 120 Minute Order,,,,, Striking/Terminating Deadline(s)/Hearing(s),,,,,,,,,, Ruling on Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s),,,, ) (RGG, Chambers) (Entered: 07/31/2024) |
| 07/31/2024 | 122 | MINUTE ORDER by Judge Claire V Eagan – *Due to scrivener's error, the Court clarifies that Lines 7 and 8 of 121 Amended Scheduling Order should have "N/A" entries in the date portion of those line items as the deadlines had previously expired prior to entry of 121 .* (Re: 121 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 07/31/2024) |
| 09/04/2024 | 123 | Unopposed MOTION for Leave to Exceed Page Limitation by Turn Key Health Clinics, L.L.C. (Collins, Will) (Entered: 09/04/2024) |
| 09/04/2024 | 124 | MINUTE ORDER by Judge Claire V Eagan – *Defendant Turn Key Health Clinic, LLC's unopposed motion 123 is granted as requested. Defendant Turn Key may file its motion for summary judgment in excess of 25 pages, but shall be limited to no more than 35 pages.* ; granting 123 Motion for Leave to Exceed Page Limitation (Re: 123 Unopposed MOTION for Leave to Exceed Page Limitation )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/04/2024) |

| 09/04/2024 | 125 | Unopposed MOTION for Leave to Exceed Page Limitation by Bret Bowling (Ashlock, Justin) (Entered: 09/04/2024) |
|---|---|---|
| 09/04/2024 | 126 | MINUTE ORDER by Judge Claire V Eagan – *Defendant Bret Bowling's unopposed motion 125 is granted as requested. Defendant Bowling may file his motion for summary judgment in excess of 25 pages, but shall be limited to no more than 35 pages.* ; granting 125 Motion for Leave to Exceed Page Limitation (Re: 125 Unopposed MOTION for Leave to Exceed Page Limitation ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/04/2024) |
| 09/04/2024 | 127 | Unopposed MOTION to Seal Document *(Confidential Exhibits to Motion for Summary Judgment)* by Turn Key Health Clinics, L.L.C. (Collins, Will) (Entered: 09/04/2024) |
| 09/04/2024 | 128 | MINUTE ORDER by Judge Claire V Eagan – *Defendant, Turn Key Health Clinics, LLC, has moved to file confidential exhibits to its motion for summary judgment under seal (Dkt. # 127). The Court grants in part the motion (Dkt. # 127) with specific instructions, as follows: Defendant shall file as part of the public record its REDACTED motion and supporting exhibits, etc. Defendant shall also file, separately and under seal, the entire UNREDACTED motion and supporting exhibits, etc., using the event {sealed unredacted version per FRCP 5.2(f)}. The sealed unredacted document shall NOT be filed using a separate sealed motion event.* ; granting in part 127 Motion to Seal Document(s) (Re: 127 Unopposed MOTION to Seal Document *(Confidential Exhibits to Motion for Summary Judgment)* ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/04/2024) |
| 09/04/2024 | 129 | Joint MOTION for Contempt , Joint MOTION to Exclude Witness Taevon Whisenton by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Ashlock, Justin) (Entered: 09/04/2024) |
| 09/05/2024 | 130 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Susan E. Huntsman (Re: 129 Joint MOTION for Contempt Joint MOTION to Exclude Witness Taevon Whisenton ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/05/2024) |
| 09/05/2024 | 131 | Joint MOTION to Strike Hearing(s)/Deadline(s) by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Rowland, Geremy) (Entered: 09/05/2024) |
| 09/05/2024 | 132 | MOTION for Summary Judgment *and Brief in Support* by Bret Bowling (With attachments) (Whitson, Jamison) (Entered: 09/05/2024) |
| 09/05/2024 | 133 | MOTION for Summary Judgment *and Brief in Support* by Todd Gene Inks, Michelle Stovall, Cynthia Thompson (With attachments) (Whitson, Jamison) (Entered: 09/05/2024) |
| 09/05/2024 | 134 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Christine D. Little (Re: 131 Joint MOTION to Strike Hearing(s)/Deadline(s) ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/05/2024) |
| 09/05/2024 | 135 | MINUTE ORDER by Judge Claire V Eagan , : Counsel for Bret Bowling is directed to provide, forthwith and in a three–ring binder notebook for use by the Court, a |

| | | |
|---|---|---|
| | | paper copy of the document and/or exhibit(s) as filed at Dkt. # 132 . Said paper copy shall be a COMPLETE and EXACT duplicate of the filing AFTER it is filed with the Court, including the case and docket number information at the top of each page. Counsel shall not reorganize the filing or insert other separately docketed items. If a copy of a sealed item is ordered by the Court, then said copy shall be a separate and complete submission. (Re: 132 MOTION for Summary Judgment *and Brief in Support* )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/05/2024) |
| 09/05/2024 | 136 | MINUTE ORDER by Judge Claire V Eagan , : Counsel for Michelle Stovall, Todd Gene Inks, and Cynthia Thompson is directed to provide, forthwith and in a three–ring binder notebook for use by the Court, a paper copy of the document and/or exhibit(s) as filed at Dkt. # 133 . Said paper copy shall be a COMPLETE and EXACT duplicate of the filing AFTER it is filed with the Court, including the case and docket number information at the top of each page. Counsel shall not reorganize the filing or insert other separately docketed items. If a copy of a sealed item is ordered by the Court, then said copy shall be a separate and complete submission. (Re: 133 MOTION for Summary Judgment *and Brief in Support* )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/05/2024) |
| 09/05/2024 | 137 | MOTION to Exclude The Expert Opinions of Nurse Michael McMunn *and Brief in Support* by Turn Key Health Clinics, L.L.C. (With attachments) (Rowland, Geremy) Modified on 9/5/2024  **– ENTERED IN ERROR – wrong PDF attached – attorney directed to refile document** (drw, Dpty Clk). (Entered: 09/05/2024) Contains One or More Restricted PDFs |
| 09/05/2024 | 138 | MOTION to Exclude The Expert Opinions of Nurse Michael McMunn *and Brief in Support* by Turn Key Health Clinics, L.L.C. (With attachments) (Rowland, Geremy) (Entered: 09/05/2024) |
| 09/05/2024 | 139 | MINUTE ORDER by Judge Claire V Eagan , : Counsel for Turn Key Health Clinics, L.L.C. is directed to provide, forthwith and in a three–ring binder notebook for use by the Court, a paper copy of the document and/or exhibit(s) as filed at Dkt. # 138 . Said paper copy shall be a COMPLETE and EXACT duplicate of the filing AFTER it is filed with the Court, including the case and docket number information at the top of each page. Counsel shall not reorganize the filing or insert other separately docketed items. If a copy of a sealed item is ordered by the Court, then said copy shall be a separate and complete submission. (Re: 138 MOTION to Exclude The Expert Opinions of Nurse Michael McMunn *and Brief in Support* )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/05/2024) |
| 09/05/2024 | 140 | MOTION for Summary Judgment by Turn Key Health Clinics, L.L.C. (With attachments) (Collins, Will) (Entered: 09/05/2024) |
| 09/06/2024 | 142 | MINUTE ORDER by Magistrate Judge Christine D Little *The settlement conference set for September 12, 2024 before ASJ Randall Snapp is hereby stricken, to be reset at a later date if necessary. Given that the defendants' motion to strike also requests that the Court impose or recommend the imposition of certain sanctions for the plaintiff's failure to timely submit a settlement conference statement, the plaintiff shall respond to the motion by September 19, 2024.*, setting/resetting deadline(s)/hearing(s): ( Responses due by 9/19/2024) (Re: 131 Joint MOTION to Strike Hearing(s)/Deadline(s) )  (This entry is the Official Order of the Court. No |

| | | document is attached.) (CDL2, Chambers) (Entered: 09/06/2024) |
|---|---|---|
| 09/10/2024 | 143 | EXHIBIT(S) (flash drive) (Re: 140 MOTION for Summary Judgment ) by Turn Key Health Clinics, L.L.C. (dla, Dpty Clk) (Entered: 09/10/2024) |
| 09/18/2024 | 144 | ATTORNEY APPEARANCE by Rebecca Boyer on behalf of Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson [Note: Attorney Rebecca Boyer added to party Bret Bowling(pty:dft), Attorney Rebecca Boyer added to party Todd Gene Inks(pty:dft), Attorney Rebecca Boyer added to party Michelle Stovall(pty:dft), Attorney Rebecca Boyer added to party Cynthia Thompson(pty:dft).] (Boyer, Rebecca) (Entered: 09/18/2024) |
| 09/19/2024 | 145 | RESPONSE in Opposition to Motion (Re: 131 Joint MOTION to Strike Hearing(s)/Deadline(s) ) by Charla White ; (Blakemore, Robert) (Entered: 09/19/2024) |
| 09/20/2024 | 146 | MINUTE ORDER by Magistrate Judge Christine D Little *The court is in receipt of plaintiff's response to the defendants' motion to strike the settlement conference and related request for sanctions. Any reply brief by the defendants is expedited and shall be filed by September 25, 2024*, setting/resetting deadline(s)/hearing(s): ( Replies due by 9/25/2024) (Re: 131 Joint MOTION to Strike Hearing(s)/Deadline(s) )  (This entry is the Official Order of the Court. No document is attached.) (CDLJ, Judge) (Entered: 09/20/2024) |
| 09/25/2024 | 147 | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 132 MOTION for Summary Judgment *and Brief in Support*, 138 MOTION to Exclude The Expert Opinions of Nurse Michael McMunn *and Brief in Support*, 140 MOTION for Summary Judgment , 133 MOTION for Summary Judgment *and Brief in Support* ) by Charla White (Blakemore, Robert) (Entered: 09/25/2024) |
| 09/25/2024 | 148 | MINUTE ORDER by Judge Claire V Eagan – *Plaintiff's unopposed motion for extension of time regarding motions [132, 133, 138, 140] is granted as requested, and plaintiff is directed to file responses to said motions no later than 10/9/2024; replies due 10/23/2024.* ; setting/resetting deadline(s)/hearing(s): ; granting 147 Motion for Extension of Time to Respond to Motion (Re: 132 MOTION for Summary Judgment *and Brief in Support*, 138 MOTION to Exclude The Expert Opinions of Nurse Michael McMunn *and Brief in Support*, 140 MOTION for Summary Judgment , 133 MOTION for Summary Judgment *and Brief in Support*, 147 Unopposed MOTION for Extension of Time to Respond to Motion )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/25/2024) |
| 09/25/2024 | 149 | REPLY to Response to Motion (Re: 131 Joint MOTION to Strike Hearing(s)/Deadline(s) ) by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. ; (Rowland, Geremy) (Entered: 09/25/2024) |
| 09/27/2024 | 150 | MOTION to Withdraw Attorney(s) by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson (Ashlock, Justin) (Entered: 09/27/2024) |
| 09/30/2024 | 151 | MINUTE ORDER by Judge Claire V Eagan ; terminating attorney Justin Paul Ashlock ; granting 150 Motion to Withdraw Attorney(s) (Re: 150 MOTION to Withdraw Attorney(s) )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 09/30/2024) |

| 10/03/2024 | 152 | MINUTE ORDER by Magistrate Judge Christine D Little *The Settlement Conference is reset to 11/19/24 at 9:30 a.m. before ASJ Randall Snapp (his office). Plaintiff's Settlement Conference Statement is due 10/29/24. Defendant may file a supplement to their Settlement Conference Statement by 11/12/24. All guidelines set forth in the Court's original Settlement Conference Order (Doc. No. 23) shall remain in effect.*, setting/resetting deadline(s)/hearing(s): ( Settlement Conference set for 11/19/2024 at 09:30 AM before Adjunct Settlement Judge) (This entry is the Official Order of the Court. No document is attached.) (jln, Dpty Clk) (Entered: 10/03/2024) |
|---|---|---|
| 10/08/2024 | 153 | MINUTE ORDER by Magistrate Judge Christine D Little *The court has considered the defendants' request for sanctions, which was included within the motion to strike the settlement conference (#131). The court has also considered the response of plaintiff's counsel (#145) and the defendants' reply (#149). The court declines at this time to award sanctions for plaintiff's failure to timely provide settlement conference statements, and the motion is denied in part to that extent. The settlement conference has now been reset, with plaintiff's settlement conference statement due to be submitted to ASJ Randall Snapp no later than October 29, 2024 (see #152). The court may consider and award sanctions for any future unexcused failures to timely comply with settlement−related deadlines.* ; denying in part 131 Motion to Strike Hearing(s)/Deadline(s) (Re: 131 Joint MOTION to Strike Hearing(s)/Deadline(s) ) (This entry is the Official Order of the Court. No document is attached.) (CDLJ, Judge) (Entered: 10/08/2024) |
| 10/09/2024 | 154 | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 132 MOTION for Summary Judgment *and Brief in Support*, 138 MOTION to Exclude The Expert Opinions of Nurse Michael McMunn *and Brief in Support*, 140 MOTION for Summary Judgment , 133 MOTION for Summary Judgment *and Brief in Support* ) by Charla White (Blakemore, Robert) (Entered: 10/09/2024) |
| 10/09/2024 | 155 | MINUTE ORDER by Judge Claire V Eagan *Plaintiff's second unopposed motion 154 for extension of time regarding motions [132, 133, 138, 140] is granted as requested, and plaintiff is directed to file responses to said motions no later than 10/11/2024; replies due 10/25/2024.* ; setting/resetting deadline(s)/hearing(s): ( Responses due by 10/11/2024, Replies due by 10/25/2024); granting 154 Motion for Extension of Time to Respond to Motion (Re: 138 MOTION to Exclude The Expert Opinions of Nurse Michael McMunn *and Brief in Support*, 133 MOTION for Summary Judgment *and Brief in Support*, 140 MOTION for Summary Judgment , 132 MOTION for Summary Judgment *and Brief in Support*, 154 Unopposed MOTION for Extension of Time to Respond to Motion )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 10/09/2024) |
| 10/11/2024 | 156 | Unopposed MOTION to Seal Document by Charla White (Blakemore, Robert) (Entered: 10/11/2024) |
| 10/11/2024 | 157 | Unopposed MOTION for Leave to Exceed Page Limitation by Charla White (Blakemore, Robert) (Entered: 10/11/2024) |
| 10/11/2024 | 158 | MINUTE ORDER by Judge Claire V Eagan − *Plaintiff has moved to file exhibits to her responses to the dispositive motions under seal (Dkt. # 156). The Court grants in part the motion (Dkt. # 156) with specific instructions, as follows: Plaintiff shall file as part of the public record her REDACTED responses to the dispositive motions and supporting exhibits, etc. Plaintiff shall also file, separately and under seal, the entire UNREDACTED responses to the dispositive motions and supporting exhibits, etc., using the event {"sealed unredacted version per FRCP 5.2(f)"}. The sealed* |

| | | |
|---|---|---|
| | | *unredacted document shall NOT be filed using a separate sealed motion event. Plaintiff has also moved to exceed page limits (Dkt. # 157) regarding responses to the dispositive motions (Dkt. ## 132, 140). The Court grants (Dkt. # 157) as requested.* ; granting in part 156 Motion to Seal Document(s); granting 157 Motion for Leave to Exceed Page Limitation (Re: 132 MOTION for Summary Judgment *and Brief in Support*, 138 MOTION to Exclude The Expert Opinions of Nurse Michael McMunn *and Brief in Support*, 140 MOTION for Summary Judgment , 133 MOTION for Summary Judgment *and Brief in Support*, 156 Unopposed MOTION to Seal Document , 157 Unopposed MOTION for Leave to Exceed Page Limitation ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 10/11/2024) |
| 10/11/2024 | 159 | RESPONSE in Opposition to Motion (Re: 140 MOTION for Summary Judgment ) by Charla White ; (With attachments) (Blakemore, Robert) (Entered: 10/11/2024) |
| 10/11/2024 | 160 | SEALED UNREDACTED VERSION of Dkt # 159 per FRCP 5.2(f) (Blakemore, Robert) (Entered: 10/11/2024) Contains One or More Restricted PDFs |
| 10/11/2024 | 161 | RESPONSE in Opposition to Motion (Re: 132 MOTION for Summary Judgment *and Brief in Support* ) by Charla White ; (With attachments) (Blakemore, Robert) (Entered: 10/11/2024) |
| 10/15/2024 | 162 | EXHIBIT(S) (Flashdrive) (Re: 161 Response in Opposition to Motion ) by Charla White (cjb, Dpty Clk) (Entered: 10/15/2024) |
| 10/15/2024 | 163 | PRETRIAL DISCLOSURES by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson (Artus, Andrew) (Entered: 10/15/2024) |
| 10/15/2024 | 164 | PRETRIAL DISCLOSURES by Charla White (Blakemore, Robert) (Entered: 10/15/2024) |
| 10/15/2024 | 165 | PRETRIAL DISCLOSURES by Turn Key Health Clinics, L.L.C. (Collins, Will) (Entered: 10/15/2024) |
| 10/16/2024 | 166 | MOTION Motion to Deem Confessed (Re: 138 MOTION to Exclude The Expert Opinions of Nurse Michael McMunn *and Brief in Support* ) by Turn Key Health Clinics, L.L.C. (Rowland, Geremy) (Entered: 10/16/2024) |
| 10/22/2024 | 167 | MINUTE ORDER by Judge Claire V Eagan , terminating motion referral(s) (Re: 129 Joint MOTION for Contempt Joint MOTION to Exclude Witness Taevon Whisenton ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 10/22/2024) |
| 10/25/2024 | 168 | REPLY to Response to Motion (Re: 132 MOTION for Summary Judgment *and Brief in Support* ) by Bret Bowling ; (With attachments) (Whitson, Jamison) (Entered: 10/25/2024) |
| 10/25/2024 | 169 | REPLY to Response to Motion (Re: 140 MOTION for Summary Judgment ) by Turn Key Health Clinics, L.L.C. ; (Rowland, Geremy) (Entered: 10/25/2024) |
| 10/28/2024 | 170 | Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson, Turn Key Health Clinics, L.L.C. (Boyer, Rebecca) (Entered: 10/28/2024) |
| 10/29/2024 | 171 | MINUTE ORDER by Judge Claire V Eagan – *Defendants' {unopposed} joint motion to extend deadline to file motions in limine by seven days 170 is granted as requested.* |

| | | |
|---|---|---|
| | | *Motions in limine shall be filed no later than 11/6/2024. All other scheduling order deadlines remain unchanged.* ; setting/resetting deadline(s)/hearing(s): ( Miscellaneous Deadline set for 11/6/2024); granting 170 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 121 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, 170 Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 10/29/2024) |
| 10/29/2024 | 172 | OBJECTION (Re: 164 Pretrial Disclosures per FRCP 26(a)(3) ) by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson (Artus, Andrew) (Entered: 10/29/2024) |
| 10/29/2024 | 173 | OBJECTION by Bret Bowling, Todd Gene Inks, Michelle Stovall, Cynthia Thompson (Artus, Andrew) (Entered: 10/29/2024) |
| 10/29/2024 | 174 | OBJECTION (Re: 164 Pretrial Disclosures per FRCP 26(a)(3) ) by Turn Key Health Clinics, L.L.C. (Ah Loy, Alexandra) Modified on 10/30/2024 to correct the event. (atn, Dpty Clk). (Entered: 10/29/2024) |
| 10/29/2024 | 175 | OBJECTION (Re: 165 Pretrial Disclosures per FRCP 26(a)(3) ) by Charla White (Smolen, Daniel) Modified on 10/30/2024 to correct the event. (atn, Dpty Clk). (Entered: 10/29/2024) |
| 10/29/2024 | 176 | OBJECTION (Re: 163 Pretrial Disclosures per FRCP 26(a)(3) ) by Charla White (Smolen, Daniel) Modified on 10/30/2024 to correct the event. (atn, Dpty Clk). (Entered: 10/29/2024) |
| 10/30/2024 | 177 | STIPULATION of Dismissal, dismissing Michelle Stovall, Todd Gene Inks, and Cynthia Thompson, dismissing All Claims, by Charla White (Blakemore, Robert) (Entered: 10/30/2024) |
| 10/30/2024 | 178 | MINUTE ORDER by Judge Claire V Eagan – *Based on the Stipulation of Dismissal 177 regarding defendants Michelle Stovall, Todd Gene Inks, and Cynthia Thompson, the motion for summary judgment 133 is moot.* ; finding as moot 133 Motion for Summary Judgment (Re: 177 Stipulation of Dismissal, 133 MOTION for Summary Judgment *and Brief in Support* ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) Modified on 10/30/2024 to correct docket text (atn, Dpty Clk). (Entered: 10/30/2024) |
| 10/30/2024 | | NOTICE of Docket Entry Modification; Error: Wrong event selected (OBJECTION to Exhibits); Correction: Changed the event and edited docket text (OBJECTION) (Re: 174 OBJECTION, 175 OBJECTION, 176 OBJECTION ) (atn, Dpty Clk) (Entered: 10/30/2024) |
| 10/31/2024 | 179 | Unopposed MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference by Bret Bowling (With attachments) (Boyer, Rebecca) (Entered: 10/31/2024) |
| 10/31/2024 | 180 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Magistrate Judge Christine D. Little (Re: 179 Unopposed MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 10/31/2024) |
| 11/06/2024 | 181 | MOTION in Limine *and Brief in Support* by Bret Bowling (With attachments) (Whitson, Jamison) (Entered: 11/06/2024) |
| 11/06/2024 | 182 | |

| | | |
|---|---|---|
| | | MINUTE ORDER by Judge Claire V Eagan , : Counsel for Defendant, Bret Bowling is directed to provide, forthwith and in a three–ring binder notebook for use by the Court, a paper copy of the document and/or exhibit(s) as filed at Dkt. # 181 . Said paper copy shall be a COMPLETE and EXACT duplicate of the filing AFTER it is filed with the Court, including the case and docket number information at the top of each page. Counsel shall not reorganize the filing or insert other separately docketed items. If a copy of a sealed item is ordered by the Court, then said copy shall be a separate and complete submission. (Re: 181 MOTION in Limine *and Brief in Support* )  (This entry is the Official Order of the Court. No document is attached.) (crp, Dpty Clk) (Entered: 11/06/2024) |
| 11/06/2024 | 183 | MOTION in Limine *and Brief in Support* by Turn Key Health Clinics, L.L.C. (With attachments) (Collins, Will) (Entered: 11/06/2024) |
| 11/07/2024 | 184 | MINUTE ORDER by Magistrate Judge Christine D Little *The motion to reset the settlement conference is granted. The settlement conference will be held December 5, 2024 at 10:00 a.m. at Adjunct Settlement Judge Randall J. Snapp's office. That date was confirmed by the ASJ and parties. All other requirements set forth in the original settlement conference order shall continue to apply* ; setting/resetting deadline(s)/hearing(s): ( Settlement Conference set for 12/5/2024 at 10:00 AM before Adjunct Settlement Judge); granting 179 Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference (Re: 179 Unopposed MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference )  (This entry is the Official Order of the Court. No document is attached.) (CDLJ, Judge) (Entered: 11/07/2024) |
| 11/07/2024 | 185 | RESPONSE in Opposition to Motion (Re: 166 MOTION Motion to Deem Confessed ) by Charla White ; (Blakemore, Robert) (Entered: 11/07/2024) |
| 11/07/2024 | 186 | REPLY to Response to Motion (Re: 166 MOTION Motion to Deem Confessed ) by Turn Key Health Clinics, L.L.C. ; (Rowland, Geremy) (Entered: 11/07/2024) |
| 11/12/2024 | 187 | ORDER by Judge Claire V Eagan – *Defendant Turn Key Health Clinics' Motion to Deem Confessed Turn Key's Motion to Exclude the Expert Opinions of Nurse Michael McMunn (Dkt. # 166) is granted, and Turn Key's Motion to Exclude the Expert Opinions of Nurse Michael McMunn and Brief in Support (Dkt. # 138) is granted.* ; granting 138 Motion to Exclude; granting 166 Motion for Miscellaneous Relief (Re: 138 MOTION to Exclude The Expert Opinions of Nurse Michael McMunn *and Brief in Support*, 166 MOTION Motion to Deem Confessed ) (RGG, Chambers) (Entered: 11/12/2024) |
| 11/26/2024 | 188 | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 183 MOTION in Limine *and Brief in Support*, 181 MOTION in Limine *and Brief in Support* ) by Charla White (Blakemore, Robert) (Entered: 11/26/2024) |
| 11/26/2024 | 189 | MINUTE ORDER by Judge Claire V Eagan – *Before the Court is plaintiff's unopposed motion for extension of time 188 which is granted. Response and reply deadlines regarding the motions in limine [181, 183] are extended as follows:* ; setting/resetting deadline(s)/hearing(s): ( Responses due by 12/11/2024, Replies due by 12/26/2024); granting 188 Motion for Extension of Time to Respond to Motion (Re: 181 MOTION in Limine *and Brief in Support*, 183 MOTION in Limine *and Brief in Support*, 188 Unopposed MOTION for Extension of Time to Respond to Motion )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 11/26/2024) |

| 12/05/2024 | 190 | SETTLEMENT CONFERENCE REPORT by Adjunct Settlement Judge *Randall J. Snapp advising litigation was not settled*, striking/terminating deadline(s)/Hearing(s) (jln, Dpty Clk) (Entered: 12/05/2024) |
|---|---|---|
| 12/11/2024 | 191 | RESPONSE in Opposition to Motion (Re: 181 MOTION in Limine *and Brief in Support* ) by Charla White ; (With attachments) (Smolen, Daniel) (Entered: 12/11/2024) |
| 12/11/2024 | 192 | RESPONSE in Opposition to Motion (Re: 183 MOTION in Limine *and Brief in Support* ) by Charla White ; (With attachments) (Smolen, Daniel) (Entered: 12/11/2024) |
| 12/12/2024 | 193 | MINUTE ORDER by Judge Claire V Eagan , : Counsel for plaintiff is directed to provide, forthwith and in a three–ring binder notebook for use by the Court, a paper copy of the document and/or exhibit(s) as filed at Dkt. # 191 . Said paper copy shall be a COMPLETE and EXACT duplicate of the filing AFTER it is filed with the Court, including the case and docket number information at the top of each page. Counsel shall not reorganize the filing or insert other separately docketed items. If a copy of a sealed item is ordered by the Court, then said copy shall be a separate and complete submission. (Re: 191 Response in Opposition to Motion )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 12/12/2024) |
| 12/12/2024 | 194 | MINUTE ORDER by Judge Claire V Eagan , : Counsel for plaintiff is directed to provide, forthwith and in a three–ring binder notebook for use by the Court, a paper copy of the document and/or exhibit(s) as filed at Dkt. # 192 . Said paper copy shall be a COMPLETE and EXACT duplicate of the filing AFTER it is filed with the Court, including the case and docket number information at the top of each page. Counsel shall not reorganize the filing or insert other separately docketed items. If a copy of a sealed item is ordered by the Court, then said copy shall be a separate and complete submission. (Re: 192 Response in Opposition to Motion )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 12/12/2024) |
| 12/12/2024 | 195 | MOTION to Withdraw Attorney(s) by Turn Key Health Clinics, L.L.C. (Collins, Will) (Entered: 12/12/2024) |
| 12/13/2024 | 196 | MINUTE ORDER by Judge Claire V Eagan ; terminating attorney Will Collins ; granting 195 Motion to Withdraw Attorney(s) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 12/13/2024) |
| 12/19/2024 | 197 | Joint MOTION for Extension of Time to Reply to Motion Response (Re: 181 MOTION in Limine *and Brief in Support* ) by Bret Bowling, Turn Key Health Clinics, L.L.C. (Artus, Andrew) (Entered: 12/19/2024) |
| 12/19/2024 | 198 | Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 121 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, ) by Charla White, Bret Bowling, Turn Key Health Clinics, L.L.C. (Artus, Andrew) (Entered: 12/19/2024) |
| 12/19/2024 | 199 | MINUTE ORDER by Judge Claire V Eagan – *Before the Court is defendants' joint motion 197 to extend reply deadline regarding [181, 183] motions in limine, which is granted. Defendants shall file their replies to the motions in limine [181, 183] no later than January 9, 2025, as requested.* ; setting/resetting deadline(s)/hearing(s): ( Replies due by 1/9/2025); granting 197 Motion for Extension of Time to Reply to |

| | | |
|---|---|---|
| | | Motion Response (Re: 181 MOTION in Limine *and Brief in Support*, 183 MOTION in Limine *and Brief in Support* )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 12/19/2024) |
| 12/19/2024 | 200 | MINUTE ORDER by Judge Claire V Eagan – *Before the Court is the parties' joint motion 198 to extend deadline to submit the proposed agreed pretrial order and to file the final witness and exhibit lists, which is granted. The requested deadline for those two scheduling order items only 121 are extended to January 6, 2025, as requested.* ; setting/resetting scheduling order date(s): ( Proposed Pretrial Order due by 1/6/2025); granting 198 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 121 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 12/19/2024) |
| 12/20/2024 | 201 | Opposed MOTION to Stay *Trial Pending Ruling on Dispositive Motions or, In the Alternative*, Unopposed MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *Motion to Continue Trial and Associated Trial Deadlines* (Re: 121 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, ) by Bret Bowling, Turn Key Health Clinics, L.L.C. (With attachments) (Ah Loy, Alexandra) (Entered: 12/20/2024) |
| 12/23/2024 | 202 | MINUTE ORDER by Judge Claire V Eagan , : Counsel for defendants Bret Bowling and Turn Key Health Clinics, LLC is directed to provide, forthwith and in a three−ring binder notebook for use by the Court, a paper copy of the document and/or exhibit(s) as filed at Dkt. # 201 . Said paper copy shall be a COMPLETE and EXACT duplicate of the filing AFTER it is filed with the Court, including the case and docket number information at the top of each page. Counsel shall not reorganize the filing or insert other separately docketed items. If a copy of a sealed item is ordered by the Court, then said copy shall be a separate and complete submission. (Re: 201 Opposed MOTION to Stay *Trial Pending Ruling on Dispositive Motions or, In the Alternative*Unopposed MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *Motion to Continue Trial and Associated Trial Deadlines* )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) Modified on 12/23/2024 – **VACATED per** 203 (srt, Dpty Clk). (Entered: 12/23/2024) |
| 12/23/2024 | 203 | MINUTE ORDER by Judge Claire V Eagan – *Based on the Court's schedule and pending motions for summary judgment (Dkt. ## 132, 140), the Court hereby sua sponte stays all remaining scheduling order deadlines pending ruling on the motions for summary judgment. The Minute Order (Dkt. # 202) directing manual copy of (Dkt. # 201) is vacated as moot, and the motion (Dkt. # 201) is moot.* ; striking/terminating deadline(s)/Hearing(s); vacating/setting aside order(s); finding as moot 201 Motion to Stay; finding as moot 201 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 202 Minute Order,,,, Directing Party to Submit Courtesy Copy of Document(s),,,,,,,,, 132 MOTION for Summary Judgment *and Brief in Support*, 121 Scheduling Order,,, Setting/Resetting Scheduling Order Date(s),,,,, 140 MOTION for Summary Judgment , 200 Minute Order,,, Setting/Resetting Scheduling Order Date(s),,,,,, Ruling on Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s),, ) (Documents Terminated: 202 Minute Order,,,, Directing Party to Submit Courtesy Copy of Document(s),,,,,,,, )  (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 12/23/2024) |

| 04/30/2025 | 204 | OPINION AND ORDER by Judge Claire V Eagan *Defendant Sheriff's Motion for Summary Judgment and Brief in Support (Dkt. # 132) and Defendant Turn Key Health Clinics, LLC's Motion for Summary Judgment and Brief in Support (Dkt. # 140) are granted. A separate judgment is entered herewith. Defendants' Joint Application for Contempt and Motion to Exclude Witness (Dkt. # 129), Defendant Bowling's Motions in Limine and Brief in Support (Dkt. # 181), and Motion in Limine of Defendant Turn Key Health Clinics, LLC (Dkt. # 183) are moot* ; finding as moot 129 Motion for Contempt; finding as moot 129 Motion to Exclude; granting 132 Motion for Summary Judgment; granting 140 Motion for Summary Judgment; finding as moot 181 Motion in Limine; finding as moot 183 Motion in Limine (crp, Dpty Clk) (Entered: 04/30/2025) |
| 04/30/2025 | 205 | JUDGMENT by Judge Claire V Eagan *judgment for the defendants Bret Bowling and Turn Key Health Clinics, LLC and against the plaintiff is hereby entered pursuant to the Court's Opinion and Order. Plaintiff's claims against Cody Smith, Michelle Stovall, Todd Gene Inks, and Cynthia Thompson were previously dismissed (Dkt. ## 14, 177), and this is a final judgment terminating this case*, entering judgment in favor of Defendants Bret Bowling and Turn Key Health Clinics, LLC against Plaintiff (terminates case) (crp, Dpty Clk) (Entered: 04/30/2025) |
| 04/30/2025 | | ***Civil Case Terminated (see document number 205 ) (dla, Dpty Clk) (Entered: 04/30/2025) |
| 05/14/2025 | 206 | BILL OF COSTS by Bret Bowling (Artus, Andrew) (Entered: 05/14/2025) |
| 05/14/2025 | 207 | MOTION for Costs by Bret Bowling (With attachments) (Artus, Andrew) (Entered: 05/14/2025) |
| 05/14/2025 | 208 | AFFIDAVIT of Andy Artus (Re: 206 Bill of Costs, 207 MOTION for Costs ) by Bret Bowling (Artus, Andrew) (Entered: 05/14/2025) |
| 05/14/2025 | 209 | BILL OF COSTS by Turn Key Health Clinics, L.L.C. (With attachments) (Ah Loy, Alexandra) (Entered: 05/14/2025) |
| 05/14/2025 | 210 | MOTION for Costs *and Brief in Support* by Turn Key Health Clinics, L.L.C. (Ah Loy, Alexandra) (Entered: 05/14/2025) |
| 05/14/2025 | 211 | MINUTE ORDER by Judge Claire V Eagan , referring motion(s) to Court Clerk (Re: 210 MOTION for Costs *and Brief in Support*, 207 MOTION for Costs , 209 Bill of Costs, 206 Bill of Costs, 208 Affidavit ) (This entry is the Official Order of the Court. No document is attached.) (RGG, Chambers) (Entered: 05/14/2025) |
| 05/28/2025 | 212 | NOTICE OF APPEAL to Circuit Court (paid $605 appeal fee; receipt number AOKNDC–3217131) (Re: 204 Opinion and Order,,,, Ruling on Motion for Contempt,,,, Ruling on Motion to Exclude,,,, Ruling on Motion for Summary Judgment,,,,,,, Ruling on Motion in Limine,,,,,, 205 Judgment,,, Entering Judgment,, ) by Charla White (Blakemore, Robert) (Entered: 05/28/2025) |

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CHARLA WHITE, f/k/a/ LONG, as the )
Special Administratrix of the Estate of )
PERISH NI-COLE WHITE, )
 )
   Plaintiff, )
 )
v. ) Case No. 22-CV-139-CVE-SH
 )
 )
BRET BOWLING, in his official capacity as )
Creek County Sheriff, *et al.*, )
 )
   Defendants. )

## NOTICE OF APPEAL

Notice is hereby given that the Plaintiff, Charla White, f/k/a Long, as the Special Administratrix of the Estate of Perish Ni-Cole White, hereby appeals to the United States Court of Appeals for the Tenth Circuit from this Court's April 30, 2025 Judgment (Dkt. #205), along with the underlying Opinion and Order (Dkt. #204) which merges into the Judgment.

Respectfully submitted,

/s/Robert M. Blakemore_____
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
SMOLEN & ROYTMAN
701 S. Cincinnati Ave.
Tulsa, OK   74119
(918) 585-2667
(918) 585-266 Facsimile
danielsmolen@ssrok.com
bobblakemore@ssrok.com
bryonhel@ssrok.com

and

1

Brendan Michael McHugh, OBA #18422
Route 66 Attorneys, L.L.C.
Oklahoma (OK)
P.O. Box 1392
Claremore, OK 74018
918-608-0111
Email: mchugh8@att.net

*ATTORNEYS FOR PLAINTIFF*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

/s/Robert M. Blakemore

2

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHARLA WHITE, f/k/a Charla Long, as the Special Administratrix of the Estate of Perrish Ni-Cole White, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 22-CV-0139-CVE-SH |
| BRET BOWLING, in his official capacity as Creek County Sheriff, TURN KEY HEALTH CLINICS, LLC, CODY SMITH, MICHELLE STOVALL, TODD GENE INKS, CYNTHIA THOMPSON, and DOES 1-5, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## JUDGMENT

This matter has come before the Court for consideration and an Opinion and Order (Dkt. # 204) granting defendants Bret Bowling's and Turn Key Health Clinics' LLC's motions for summary judgment has been entered. Judgment for the defendants Bret Bowling and Turn Key Health Clinics, LLC and against the plaintiff is hereby entered pursuant to the Court's Opinion and Order. Plaintiff's claims against Cody Smith, Michelle Stovall, Todd Gene Inks, and Cynthia Thompson were previously dismissed (Dkt. ## 14, 177), and this is a final judgment terminating this case.

**DATED** this 30th day of April, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHARLA WHITE, f/k/a Charla Long, as the<br>Special Administratrix of the Estate of<br>Perrish Ni-Cole White,[1] | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-0139-CVE-SH |
| | ) | |
| BRET BOWLING, in his official capacity<br>as Creek County Sheriff,<br>TURN KEY HEALTH CLINICS,<br>LLC, and DOES 1-5, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION AND ORDER</u>

Now before the Court are the following motions: Defendants' Joint Application for Contempt

and Motion to Exclude Witness (Dkt. # 129); Defendant Sheriff's Motion for Summary Judgment

and Brief in Support (Dkt. # 132); Defendant Turn Key Health Clinics, LLC's Motion for Summary

Judgment and Brief in Support (Dkt. # 140); Defendant Bowling's Motions in Limine and Brief in

Support (Dkt. # 181); and Motion in Limine of Defendant Turn Key Health Clinics, LLC (Dkt. #

183). This case concerns the death of Perrish Ni-Cole White while he was incarcerated at the Creek

County Jail (the Jail). Bret Bowling is the Sheriff of Creek County and he is responsible for

supervising the Jail, and Turn Key Health Clinics, LLC (Turn Key) is the medical provider for

---

[1]    Plaintiff's counsel interchangeably refers to the decedent as "Perrish" and "Perish" throughout his filings in this case, and the evidentiary materials provided by the parties also use alternate spellings of the decedent's name. <u>See</u> Dkt. # 1-2 (original petition refers to "Perrish'); Dkt. # 14, at 1 (amended complaint spells name of decedent as "Perish"); Dkt. # 140-1 (medical records refer to "Perrish); Dkt. # 140-17 (official death certificate spells name as Perish). The Court will spell the name as "Perrish" to maintain consistency with the docket sheet, but the Court makes no finding as to the correct spelling of the decedent's first name.

inmates in custody at the Jail.  Bowling and Turn Key argue that White received constitutionally adequate medical care while he was incarcerated at the Jail, and plaintiff has failed to produce evidence that White's death caused by the denial of medical care at the Jail.  Turn Key also argues that plaintiff has no evidence that Turn Key acted pursuant to an official policy or custom that was the moving force behind the denial of appropriate medical care to the deceased.  Plaintiff contends that White contracted COVID-19 at the Jail and was not timely referred to a hospital, and plaintiff claims that White died as a result of the delay in referring him for medical treatment.  Dkt. # 159, at 5.  Plaintiff also claims that the Jail's medical facility was operated by nurses acting outside the scope of their legally authorized duties, and that Turn Key and Bowling are liable for providing constitutionally deficient medial care.

## I.

On June 1, 2021, White was booked into the Jail, and he completed a medical intake form as part of the booking process.  Dkt. # 140-1, at 18-20.  White reported that he had asthma and that he was allergic to strawberries, but he stated that he was not currently taking medication for any medical condition.  Id.  White had been diagnosed with bronchitis and asthma as a child, but he had not taken any medication "for years" for these conditions.  Dkt. # 140-11, at 7.  Turn Key staff also completed a Coronavirus Screening form as part the intake process.  Dkt. # 140, at 19.  White had not received a COVID-19 vaccination before he was incarcerated in June 2021, and there is no evidence in the summary judgment record as to whether White would have consented to receive a vaccine while he was incarcerated.  Dkt. # 140-11, at 8.  Turn Key could not request COVID-19 vaccines from the county health department until a certain number of inmates consented to receive

2

the vaccine, and the Jail never reached a sufficient level of consenting inmates to obtain the vaccines from the county health department.  Dkt. # 140-8, at 14-16.

On July 12, 2021, White complained to detention staff that he had a headache, and he was taken to the medical office to be seen by a nurse.  Id. at 3.  However, he returned to his cell after he waited approximately 30 to 40 minutes and had not been seen by medical staff.  Id. at 3-4.  Plaintiff began calling the Jail requesting that White receive medical attention, and plaintiff left a voicemail message for medical staff concerning White's condition.  Dkt. # 159-5, at 2-3.  However, medical staff claim that they never received the messages or checked the voicemail for the medical office.  Dkt. # 140-8, at 11; Dkt. # 140-22, at 5. On July 13, 2021, White told a detention officer, Michelle Stovall, that he had nasal pressure and felt like he had a sinus infection, and she took him to the medical unit.  Dkt. # 140-10, 8-9.  Taylor O'Connor, a licensed practical nurse (LPN), evaluated White and noted that he had a history of chronic asthma and sinus infections.  Dkt. # 140-9, at 10-11.  O'Connor observed that White had a fever, red and itchy eyes, a stuffy nose, a productive cough, and she also reported crackles in the right and left lung and drainage coming from White's ears.  Dkt. # 159-7, at 6-7.  She ordered that White be given Zyrtec, guaifenesin, and acetaminophen for pain and elevated temperature.  Id. at 7-8.  The medical records show that O'Connor selected a predetermined treatment protocol for upper respiratory congestion.  Dkt. # 140-9, at 16; Dkt. # 159-7, at 8.  The protocols for treatment of inmates were developed by a physician, William Cooper, M.D., who served as the chief medical officer for Turn Key.  Dkt. # 159-8, at 33-37.  O'Connor could have selected a protocol for COVID-19, and Dr. Cooper acknowledged that selecting the wrong protocol could possibly affect a patient's outcome.  Id. at 40-41.  Based on O'Connor's evaluation of White, she determined that he did not meet the criteria for transfer to a hospital, nor

did she refer White to a medical provider for further evaluation. Dkt. # 140-9, at 20-21. O'Connor did not administer a COVID-19 test to White on July 13, 2021, and Turn Key claims that COVID-19 tests were used sparingly due to lack of availability of tests. The higher level medical provider assigned to the Jail, Josephine Otoo, an advanced practice registered nurse (APRN), testified that she should have been contacted to evaluate White based on the symptoms listed in his medical records on July 13, 2021. Dkt. # 159-2, at 24-25.

The parties dispute whether White requested additional evaluations by medical staff before July 17, 2021. Turn Key cites its medical records to support its argument that White did not ask to be seen by medical staff after his evaluation by O'Connor on July 13, 2021, until he requested additional medication on July 17, 2021. Dkt. # 140, at 13; Dkt. # 140-1, at 1-21. Following O'Connor's evaluation, Turn Key asserts that White did not request additional medical care until July 17, 2021, when he notified Amity Williams, a nurse conducting a routine medication pass, that his symptoms had not improved and he needed additional medication. Dkt. # 140-10, at 11. Williams assessed White as complaining of sore throat, body aches, and drenching sweats that had continued for five days, and she claims that she administered tests for flu and COVID-19. Dkt. # 140-8, at 4-5; Dkt: # 140-12. The entry in White's medical records show that his flu and COVID-19 tests were negative. Dkt. # 140-12. However, Williams states that she recorded the information in the wrong patient's medical chart, and she claims that she did not learn of her mistake until July 30, 2021.[2] Dkt. # 140-8, at 5. Stovall testified in her deposition that she did not believe that White was

---

[2]    Plaintiff argues that evidence suggests that Williams did not actually evaluate White at all on July 17, 2021 due to the post-dated medical record entries, and she asks the Court to find that Williams did not administer flu and COVID-19 tests to White on July 17, 2021. Dkt. # 159, at 14-15. Williams testified in her deposition that she initially recorded White's information in the wrong patient's medical chart, and she did not realize her mistake until

suffering from a serious medical issue on July 17, 2021, when she walked him to the medical unit without assistance. Dkt. # 140-10, at 18-19. White continued to receive over-the-counter medication, including cetirizine, guaifenesin, and ibuprofen on July 18 and 19, 2021. Dkt. # 14-1, at 21-22.

On July 19, 2021 around 4 p.m., jail staff notified Williams that White was suffering from chest pain, shortness of breath, dizziness, and he was having difficulty walking. Dkt. # 140, at 15; Dkt. # 159, at 17. Williams requested that jail staff bring White to the medical unit to be seen by a nurse, and White was transported to the medical unit in a wheelchair. Id. Williams initially noted that White appeared to be weak, and he was complaining of shortness of breath and dizziness. Dkt. # 140-1, at 4. Williams took White's vital signs and found that he had a low level of oxygen saturation, and Williams contacted Karen Gates, an APRN, about White's condition. Dkt. # 140, at 16; Dkt. # 159, at 17. Gates ordered that White be transported to a hospital, and White was taken to the Oklahoma State University Medical Center (OSUMC) in Tulsa, Oklahoma just after 5 p.m. on July 19, 2021. Williams did not contemporaneously make entries into White's medical records, and she admits that she did not record these events in White's medical records until July 30, 2021. Dkt. # 160-6, at 8-11.

---

July 30, 2021. Dkt. # 159-6, at 8-11. This is primarily an issue of witness credibility that is not appropriate for resolution on a motion for summary judgment, but that does not mean that the Court will wholly disregard Williams' deposition testimony. For the purpose of ruling on the motion for summary judgment, the Court will assume that White did not receive flu or COVID-19 tests on July 17, 2021, but there is sufficient evidence to support Williams' deposition testimony that she did evaluate White on that date. See Dkt. # 140-10 (detention officer Michelle Stovall testified in her deposition that she took White to the medical unit on July 17, 2021 because White was complaining that he was no longer receiving medication).

White checked into OSUMC at 5:18 p.m. on July 19, 2021 and he was initially taken to the emergency room for an examination. Dkt. # 141-14, at 1-2. White initially tested negative for COVID-19, but the attending physician ordered a second test due the nature of White's symptoms. Id. at 5. The second test was positive for COVID-19, and White was given supplemental oxygen to increase his blood-oxygen saturation. Id. at 5-6. White relapsed to a state of respiratory distress when he was taken off supplemental oxygen, and the attending physician determined that hospitalization for respiratory distress and COVID-19 was warranted. Id. at 4-5. Medical records show that White was diagnosed with respiratory failure, COVID-19, and acute kidney injury. Id. at 6. Plaintiff's expert, Todd Wilcox, M.D., testified in his deposition that White was not in "critical condition" upon his arrival at OSUMC, and White's medical records show that he was in stable condition while he was receiving supplemental oxygen. Dkt. # 141-5, at 162; Dkt. # 141-14, at 4-5. Around 8 p.m. on July 20, 2021, medical staff evaluated White and noted that he was sitting up in bed and eating. Dkt. # 141-14, at 20. White continued to have "coarse breathing sounds," but his air was moving well and he was not wheezing. Id. White denied that he was suffering from shortness of breath and his vital signs were stable. Id.

At 6:49 p.m. on July 21, 2021, White began to experience severe chest pain and testing showed that White had a troponin level of 2.37.[3] Id. at 18. This suggested that White could be having a heart attack and the physician ordered an EKG. Id. The physician attempted to contact the

---

[3]    Troponin is a protein that ordinarily stays inside the walls of the heart muscles and exists in the bloodstream in very low amounts. However, troponin leaks into the bloodstream when there has been damage to the heart muscles, and higher levels of troponin in the bloodstream are used as an indicator of cardiac distress. TROPONIN, ncbi.nlm.nih.gov/books/NBK507805 (description of Troponin from the National Library of Medicine maintained by the National Institute of Health).

cardiology department at OSUMC, but the telephone operator could not provide a contact number for the cardiologist on call.  Id.  By12:13 a.m. on July 22, 2021, White's troponin level had increased to 5.66 and the attending physician again attempted to contact a cardiologist.  Id.  Medical staff successfully made contact with the cardiologist on call, and the cardiologist agreed that the EKG results were "very concerning for a STEMI (ST Elevation Myocardial Infarction)."  Id.  By 3:33 a.m., a new EKG showed that White's condition was worsening, and the cardiologist finally arrived at 3:51 a.m. to examine White.  Id. at 19.  The cardiologist initiated a code STEMI and White was taken to the catheterization lab at 4:38 a.m.  Id.  White's right coronary artery was 80 percent occluded and his left ventricle was also severely inhibited.  Id. at 23.  Turn Key's expert, Kyle Brownback, M.D., opines that the acceptable time frame for medical intervention and stent placement from the detection of a STEMI is 90 minutes and, in this case, OSUMC delayed over several hours before beginning appropriate medical intervention.  Dkt. # 141-2, at 5 (Dr. Brownback stated that "[f]rom the time that Mr. White was found to have an ST-segment elevation myocardial infarction until the time of his percutaneous intervention and stent placement, over 5 hours elapsed").  Plaintiff's expert, Dr. Wilcox, does not dispute that the length of time before OSUMC initiated treatment for White's heart condition was excessive.   Dkt. # 141-5, at 158-59.

On July 25, 2021, testing showed that White had an elevated white blood cell count, and the results of a chest CT exam indicated that White may have bacterial pneumonia.  Dkt. # 141-2, at 5; Dkt. # 141-14, at 29.  OSUMC took a sputum culture and the results showed an abnormal gram stain and other evidence suggesting the presence of harmful bacteria.  Dkt. # 141-14, at 14-16.  However, OSUMC did not begin treating White with antibiotics until July 28, 2021 after additional testing conclusively revealed the presence of methicillin resistant staph aureus (MRSA).  Id. at 21-22.  Dr.

Brownback notes that plaintiff's respiratory problems worsened between July 25 and July 28, 2021, and White was developing sepsis due to the delay in antibiotic treatment for his staph infection. Dkt. # 141-2, at 5-6. While OSUMC was awaiting the results of White's bacterial cultures, he was transferred to the intensive care unit (ICU) for a higher level of care due to chest pain, tachypnea, and worsening hypoxia. Id. at 13. OSUMC staff incorrectly placed a hemodialysis catheter in White's carotid artery, instead of his jugular vein, and OSUMC staff attempted to place a second catheter in White's right femoral vein. Id. at 11. The second catheter caused a hematoma to develop in White's right groin area, and a third catheter was successfully placed in White's left groin area. Id. OSUMC medical staff determined that the catheter that had been improperly placed in White's carotid artery needed to be surgically removed to decrease the risk of stroke, but White was a poor candidate for surgery due to his "worsening acidosis and clinical picture." Id. at 12. Surgery to remove the catheter in White's carotid artery was ultimately recommended, but White's medical records do not show that the surgery actually took place. Id.

Transfer to the ICU initially helped to stabilize White's condition, but White's blood pressure and kidney function worsened and more extreme measures were required to stabilize White. Id. at 8. More aggressive interventions were required to keep White alive, but he eventually died on July 30, 2021. Id. The medical examiner's report lists COVID-19, cardiovascular disease, and obesity as contributing factors in White's death, but the official cause of death is identified as COVID-19. Dkt. # 160-19, at 1.

Plaintiff Charla White, the special administrator of White's estate, filed this case in Tulsa County District Court alleging claims under the Rehabilitation Act, 42 U.S.C. § 1983, and Oklahoma's wrongful death statute. Defendants removed the case to this Court based on federal

question jurisdiction.  Plaintiff filed an amended complaint alleging only § 1983 claims against

Bowling, Turn Key, Michelle Stovall, Todd Gene Inks, and Cynthia Thompson.[4]  Plaintiff alleges

that defendants acted with deliberate indifference to White's obvious need for medical care, and she

claims that defendants' conduct violated White's rights under the Eighth and Fourteenth

Amendments.  Plaintiff voluntarily dismissed her claims against Stovall, Inks, and Thompson.  Dkt.

# 177.  The remaining claims are plaintiff's § 1983 claims against Turn Key and the Sheriff.

**II.**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine

dispute as to any material fact and the moving party is entitled to judgment as a matter of law.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993).  The plain language of

Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 317.  "Summary judgment procedure is properly regarded not as a disfavored

procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are

designed 'to secure the just, speedy and inexpensive determination of every action.'"  Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more

than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the

---

[4]     Stovall, Inks, and Thompson are detention officers who were employed by the Jail.  Dkt. #
14, at 2-3.  Plaintiff claimed that they were responsible for ensuring that White received
adequate medical care while he was incarcerated.  Id.  The original petition also named Cody
Smith, the Jail administrator, as a defendant, but plaintiff chose not to bring claims against
Smith in her amended complaint and Smith was terminated as a party.

record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

**III.**

Defendants argue that plaintiff has failed to produce evidence distinguishing between potential causes of White's death, and plaintiff's failure to provide expert testimony as to medical causation is a sufficient basis to dispose of plaintiff's § 1983 claims against Bowling and Turn Key. Defendants also argue that plaintiff has failed to show that a constitutional violation occurred as the result of an official policy or custom, rather than simply the negligent acts of individual employees of Turn Key or the Jail. Plaintiff responds that it is undisputed that COVID-19 was the cause of White's death, and defendants' arguments that negligent medical care provided by OSUMC caused or substantially contributed to White's death have no bearing on plaintiff's § 1983 claims. Plaintiff further argues that Turn Key had a policy of failing to provide COVID-19 testing and vaccinations, failing to staff facilities with trained medical professionals, and denying transfers to a higher level of care to maximize its profits rather than provide necessary medical care to inmates.

**A.**

Turn Key argues that plaintiff's complaints of constitutionally inadequate medical care at the Jail and the negligent medical care provided to White by OSUMC are potentially distinct and independent causes of White's death, and plaintiff must provide expert testimony as to medical causation in order to show that the alleged delay in transferring White to the hospital caused White's death. Dkt. # 140, at 22-26. Plaintiff raises three arguments to defendants' causation issue in an attempt to show that she is not required to come forward with expert testimony on the issue of medical causation. First, plaintiff argues that the issue of causation must be viewed in the context of her § 1983 claims, and plaintiff seems to be arguing that the Court should focus on the alleged delay in transferring White to the hospital, rather than the medical care he received at OSUMC, as the cause of White's death. Dkt. # 159, at 26. Second, plaintiff claims that defendants' argument is based on a poorly-worded question asked of plaintiff's expert witness, Dr. Wilcox, during Wilcox's deposition.[5] Id. at 27. Finally, plaintiff argues that the delay in transferring White to the hospital caused White's condition to deteriorate, and the denial of medical care that results in

---

[5]   Plaintiff's correctional healthcare expert, Dr. Wilcox, testified in his deposition that he could not state with a high degree of certainty whether White would have survived had Turn Key transferred White to a hospital prior to July 19, 2021. Dkt. # 141-5, at 157-58. Plaintiff complains that defense counsel asked a compound question and she faults defense counsel for failing to inquire more specifically if an earlier medical intervention would have resulted in a more favorable outcome for White. Dkt. # 159, at 27. The question posed to Wilcox and his answer were sufficiently clear, and Wilcox was merely suggesting that he could not opine with any high degree of certainty that White's outcome would have been different with an earlier hospitalization due to the nature of COVID-19. The Court construes Wilcox's answer more as a clarification of his opinions rather than as a concession that transferring White to hospital prior to July 19, 2021 would not have changed White's outcome. Plaintiff's argument concerning the question posed to Dr. Wilcox by defense counsel is not an independent basis to reject defendant's medical causation expert.

11

unnecessary pain or the worsening of an inmate's condition is sufficient to support a § 1983

deliberate indifference claim.  Id. at 28.

The facts of this case clearly present multiple possible causes for White's death, and plaintiff

has not attempted to offer evidence concerning medical causation.[6]  Instead, plaintiff argues that it

is the underlying policy or custom of providing constitutionally inadequate medical care that is

relevant to her § 1983 claims, rather than any medical care provided by OSUMC, that should be

considered by the Court.  Dkt. # 159, at 26 (citing  Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs,

962 F. 3d 1204, 1241 (10th Cir. 2020)).  This argument applies to plaintiff's claim for the time prior

to White's hospitalization, but plaintiff is essentially asking the Court to ignore clear evidence in

the record suggesting that White ultimately died because of the negligent medical care provided by

OSUMC.  The evidence shows that White was having severe respiratory distress upon admission

to the hospital on July 19, 2021, and he later tested positive for COVID-19.  However, medical staff

provided White supplemental oxygen and his condition substantially stabilized until July 21, 2021.

At 6:49 p.m. on July 21, 2021, White began to complain of chest pain and the attending physician

determined that White needed to be seen by a cardiologist.  However, a cardiologist did not arrive

until after 3 a.m. the following morning and White was not taken to the catherization lab until after

4:30 a.m.  Defendants' expert, Dr. Brownback, opines that a clinically acceptable time frame from

---

6    Plaintiff intended to offer the testimony of Michael McMunn, a registered nurse and nurse practitioner, to support her argument that there was a "fatal delay in the diagnosis, care, and treatment of [White]."  Dkt. # 138-3, at 4.  Turn Key filed a motion to exclude McMunn's medical causation opinions on the ground that he lacked the necessary qualifications and that his opinions on this issue were unreliable.  Dkt. # 138.  Plaintiff failed to respond to the motion and she later clarified that she did not object to the exclusion of McMunn's medical causation opinions.  Dkt. # 187.  Based on the lack of objection, the Court granted Turn Key's motion to exclude McMunn's medical causation opinions.  Id.

12

the detection of a STEMI to revascularization should not exceed 90 minutes, and any delay beyond 90 minutes "contributed to [White] having worse cardiac function and increased his risk of death." Dkt. # 141-2, at 5. Plaintiff has not offered expert testimony concerning the effect of the delay in providing treatment to White for the STEMI, but his expert, Dr. Wilcox, agrees that the delay in treating White's STEMI was inappropriate. Dkt. # 141-5, at 159. White subsequently contracted MRSA and was likely developing sepsis, and OSUMC delayed in initiating antibiotics to treat White's infection. Dr. Brownback states that the failure to timely provide antibiotics to White contributed to his "poor outcome," and plaintiff has offered no expert evidence concerning this aspect of White's treatment at OSUMC. Finally, OSUMC medical staff improperly placed a hemodialysis catheter in White's carotid arterty, resulting in two additional procedures to correctly place such a catheter. The catheter in White's neck would have needed to be surgically removed and placed him at an increased risk of stroke, but the medical records provided to the Court do not clearly show whether White ultimately had the procedure to remove the catheter in his carotid artery before he died. See Dkt. # 141-14, at 11-12. In any event, the medical records show that White was not a strong candidate for surgery to remove the catheter due to his condition, and the misplaced catheter was a potential contributing factor to White's outcome regardless of whether the removal surgery took place.

Plaintiff takes the position that COVID-19 was the sole cause of death found by the medical examiner, and she makes no argument and offers no expert evidence concerning White's treatment at OSUMC. Dkt. # 159, at 17. Plaintiff argues that the relevant causation issue is whether a custom or policy adopted by Turn Key or the Sheriff caused White's injury in cases such as this when plaintiff's argument is based on the adequacy of medical care provided by the prison medical

13

facility. However, plaintiff's arguments related to causation are based on a fundamental misunderstanding of the burdens on the parties under Rule 56. Plaintiff has framed her arguments as disputes with the evidence offered by defendant, but she has the burden to come forward with evidence which would allow a trier of fact to rule in her favor on the essential elements of her claims. Talley v. Time, Inc., 923 F.3d 878, 894 (10th Cir. 2019) (quoting Savant Homes, Inc. v. Collins, 809 F.3d 1133, 1137-38 (10th Cir. 2016). Plaintiff is correct that the relevant legal causation standard for the subjective component of a deliberate indifference claim requires her to show that defendants caused White unnecessary pain or caused a worsening of his condition pursuant to an official or custom or policy. Mata v. Saiz, 427 F.3d 745 (10th Cir. 2005). This does not mean the Court will simply overlook obvious evidence of medical malpractice that occurred after White was taken to OSUMC if there is a factual dispute as to the medical cause of White's death.

Plaintiff has failed to come forward with expert medical evidence establishing that the allegedly inadequate medical care at the Jail was a predominant or even substantial factor in White's eventual death, even if Turn Key or Jail personnel could have taken additional measures to prevent the spread of COVID-19 at the Jail or transferred White to a hospital prior to July 19, 2021. In § 1983 cases concerning the denial of medical care, the plaintiff's injury is ordinarily so clearly and obviously related to the inadequacy or outright denial of medical care that a layperson would be able to see a connection between the inadequate medical care and the plaintiff's injury. See Mata v. Saiz, 427 F.3d 745, 750 (10th Cir. 2005) (inmate suffered severe and irreversible heart damage due to delay in treatment); Oxendine v. Kaplan, 241 F.3d 1272, 1277-78 (10th Cir. 2001) (inmate denied medical care after portion of his finger was severed, surgically reattached, and turned black due to

an infection). Expert medical testimony is not required in such cases when the cause of the plaintiff's injury would be obvious to a layperson. However, when there are multiple potential medical causes of the plaintiff's injury, expert medical testimony is required to meet the plaintiff's burden to show that his injury was caused by the actions of the defendant. See Zartner v. Miller, 760 F. App'x 558, 563-64 (10th Cir. Jan. 9, 2019) ("when an injury lacks obvious origin and multiple causes are possible, expert medical testimony is necessary to prove causation between a use of force and an injury);[7] Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006) (complex medical issues with possible causes other than the lack of proper treatment by prison officials requires expert medical testimony to establish causation). Plaintiff's entire theory of the case is that defendants delayed in sending White to the hospital, and it was the delay that caused a worsening of White's condition and subsequent death. Dkt. # 159, at 28. The evidence does not support such a simplistic explanation for White's death, even if the parties dispute when White should have been sent to a hospital for medical treatment. Plaintiff is required to offer expert medical testimony to establish that COVID-19, rather than negligent treatment White received at OSUMC, caused White's death, and without expert testimony the Court finds that a layperson would not be able to determine the cause of White's death.

Defendants argue that this lack of evidence concerning the medical cause of White's death requires the Court to grant summary judgment in their favor on plaintiff's § 1983 claims. The Court agrees that the lack of expert medical evidence bars plaintiff from arguing to a jury that defendants' actions caused White's death, but this does not necessarily dispose of all of aspects of plaintiff's §

---

[7]     Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

1983 claim. Plaintiff has failed come forward with evidence that would allow a jury to find that the delay in transferring White to a hospital caused his death, but she has been clear that her argument is that defendant's actions or inaction resulted in a worsening of White's condition. The Court will evaluate the evidence and determine whether plaintiff could have a potentially valid § 1983 claim up to the point of White's transfer to OSUMC and the time period shortly thereafter.[8]

**B.**

Defendants argue that plaintiff cannot prevail on a deliberate indifference claim, because plaintiff has not produced any evidence suggesting that Turn Key or Jail staff acted with the subjective intent to violate White's constitutional rights. Plaintiff responds that Turn Key and the Sheriff failed to provide adequate medical care by denying inmates access to medical personnel qualified to assess their condition and by delaying referrals for emergency medical treatment.

Under § 1983, a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. The elements necessary to establish a § 1983 violation "will vary based on the

---

[8]     Plaintiff has chosen to proceed under a theory that Turn Key's inadequate medical care resulted in a worsening of White's condition, The Tenth Circuit has explained that the objective element of a § 1983 claim can be satisfied by showing that a delay in medical care caused "substantial harm" to the inmate and, in some cases, substantial harm can based on "an intermediate injury, such as the pain experienced while waiting for treatment and analgesics." Paugh v. Uintah County, 47 F.4th 1139, 1155 (10th Cir. 2022). Based on plaintiff's briefing, it is possible that she could proceed with a § 1983 deliberate indifference claim under an intermediate injury theory, even though she has failed to produce sufficient evidence to establish that defendants' actions or inaction caused White's death. The Court will proceed to the subjective element of a deliberate indifference claim based on the possibility that plaintiff could establish a deliberate indifference claim under an intermediate injury theory.

constitutional provision at issue." Ashcroft, 556 U.S. 662, 676 (2009).  When the defendant is a municipal entity, the "under color of state law" element of  a § 1983 claim requires that the constitutional deprivation occurred pursuant to official policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

Plaintiff alleges that Turn Key violated White's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment.  The Eighth Amendment "imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008).  To establish an Eighth Amendment violation, a plaintiff must show that a prison official acted with deliberate indifference.  "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  In Wilson v. Seiter, 501 U.S. 294 (1991), the Supreme Court clarified that deliberate indifference has two components: (1) an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending officials act with a sufficiently culpable state of mind. Wilson, 501 U.S. at 298-99.  The objective component of a deliberate indifference claim focuses on the severity of the harm suffered by the inmate. Estate of Jensen by Jensen v. Clyde, 989 F.3d 848, 859 (10th Cir. 2021).  "To prevail on the subjective component, the prisoner must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." Martinez v. Beggs, 563 F.3d 1082, 1089 (10th Cir. 2009).  However, "[t]he official's knowledge of the risk need not be knowledge of a substantial risk to a *particular* inmate, or knowledge of the particular manner in which injury might occur." Tafoya, 516 F.3d at 916

(emphasis in original).  The same standards for a deliberate indifference claim apply to pretrial detainees in state custody under the Due Process Clause of the Fourteenth Amendment.  Martinez, 563 F.3d at 1088.

Plaintiff argues that Turn Key's medical providers should have been able to appreciate the seriousness of White's medical condition when he requested medical treatment on July 13, 2021, and Otoo has acknowledged that White should have been sent to the emergency room based on his symptoms.  Dkt. # 159, at 10; Dkt. # 159-2, at 29.  Dr. Wilcox has also opined that White should have been sent to a hospital for emergency treatment based on White's condition on July 13, 2021, and he believes that the treatment provided by O'Connor was "beneath the standard of care in many different ways."  Dkt. # 159-10, at 8.  Dr. Wilcox asserts that O'Connor ignored White's abnormal vital signs and she should have at least contacted a higher level medical provider to have White evaluated for pneumonia.  Id.  He faults O'Connor's decision to use a treatment protocol for "common cold" as incorrect, and he also believes that White's symptoms warranted an immediate test for COVID-19.  Id.  Plaintiff refutes Turn Key's argument that plaintiff was adequately treated by O'Connor, and she argues that providing to White over-the-counter medication without any interaction with a physican or higher level nurse cannot be considered appropriate medical care.  Dkt. # 159, at 32-33.  Plaintiff cites Lucas v. Turn Key Health Clinics, LLC, 58 F.4th 1127 (10th Cir. 2023), for the proposition that a complete denial of care is not required in order to satisfy the subjective component of a deliberate indifference claim, and a court can infer that the provider knew of and disregarded a substantial risk of harm to an inmate in situations when the care provided is "woefully inadequate."   Dkt. # 159, at 33-34.

18

Plaintiff's argument attempts to focus on what treatment should have been provided to White, while the proper focus should be on the treatment actually provided to White, and whether the care or lack of care establishes that Turn Key medical staff subjectively knew of a substantial risk of harm to White and consciously disregarded that risk by failing to transfer him to a hospital prior to July 19, 2021. Plaintiff's expert, Dr. Wilcox, opines that White's treatment on July 13, 2021 was below the "standard of care" for multiple reasons, including the selection of an improper treatment protocol, the failure to understand the severity of White's symptoms and vital signs, the failure to order a COVID-19 test, and the lack of follow-up treatment after the examination. Dkt. # 160-10, at 8. Dr. Wilcox believes that White should have been referred to a higher level medical provider or taken to an emergency department for further evaluation based on his symptoms and vital signs, and the over-the-counter medication provided to White was not appropriate under the circumstances. These complaints about White's medical care would be appropriate for a negligence claim, but they are not by themselves enough to establish that Turn Key acted with deliberate indifference. The Tenth Circuit has recognized that the failure of a medical professional to properly treat an inmate or refer the inmate to more qualified medical personnel can give rise to a deliberate indifference claim, but "the medical professional has available the defense that [she] was merely negligent in diagnosing or treating the medical condition, rather than deliberately indifferent." Sealock v. Colorado, 218 F.3d 1205, 1211 (10th Cir. 2000); see also Burke v. Regalado, 935 F.3d 960, 992 (10th Cir. 2019) ("We distinguish a medical professional's negligent failure to treat a serious medical condition properly, which does not constitute deliberate indifference, from 'prison officials [who] prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment,' which may constitute deliberate indifference").

19

The evidence establishes that O'Connor, a nurse, evaluated White on July 13, 2021, and she testified in her deposition that White did not have difficulty walking and he was able to communicate clearly with her. Dkt. # 141-9, at 6. White was complaining of a headache and said he was a "super sick man," but he could not more clearly articulate his symptoms. Id. at 9. O'Connor's treatment notes show that White had a fever, red and itchy eyes, stuffy nose, and a productive cough. Dkt. # 141-1, at 7. O'Connor also noted that White's throat and nasal passages were inflamed, he had abnormal breathing sounds, as well as drainage coming from his ears. Id. at 8. O'Conner chose not to refer White to another provider or to an emergency room for further evaluation, and defendants' expert, Dr. Brownback opines that White would not have been admitted to an emergency room due to White's lack of hypoxemia. Dkt. # 141-2, at 7. Dr. Wilcox agrees that White may not have been admitted to an emergency room if hypoxemia were a requirement for admission. Dkt. # 141-5, at 170.

Plaintiff relies heavily on Lucas for the proposition that inadequate medical care that is obviously inadequate or deficient can be used to establish that a defendant knew of and disregarded a substantial risk of harm to a defendant. In Lucas, the plaintiff alleged that Michelle Ann Caddell was arrested in December 2018 and tested positive for chlamydia about a month later. 58 F.4th at 1134. Beginning in June 2019, Caddell complained of hip and thigh pain, vaginal discharge, and heavy bleeding. Id. Caddell was not seen by a physician until August 2019, and testing showed that the Caddell had an elevated white blood cell count and heavy e coli growth. Id. The physician gave Caddell Tylenol and proceeded to ignore her ongoing complaints of vaginal discharge and pain. Id. at 1135. In September 2019, a nurse examined Caddell and recommended that she be referred to an obstetrician. Turn Key delayed the referral for two weeks and, when Caddell did meet with an

obstetrician, it was determined that Caddell likely had invasive cervical cancer. Jail medical staff continued to deny Caddell medical treatment until she was transferred to a hospital in November 2019, and hospital physicians determined that the Caddell had stage three cervical cancer and deep vein thrombosis in her left leg. Id. Caddell later died as a result of her medical conditions, and Caddell's estate sued Turn Key, the Tulsa County Sheriff, and the Turn Key physician. The district court granted the defendants' motions to dismiss in their entirety, but the Tenth Circuit reversed the dismissal of the deliberate indifference claim against the jail physician.[9] The plaintiff's allegations supported an inference that the physician was subjectively aware of Caddell's complaints and the severity of her symptoms, and he ignored her concerns and merely provided her Tylenol for her pain. Id. at 1140. The physician could potentially be held liable under theories that he provided "woefully inadequate" treatment or that he failed to satisfy his role as a gatekeeper for more appropriate medical care. Id. at 1142-44.

Lucas is nothing like the present case in terms of the procedural posture of the case and the severity of the allegations against the prison medical provider. The Tenth Circuit was reviewing a district court ruling on motions to dismiss, and it accepted as true the allegations of the plaintiff's complaint for the purpose of ruling on the plaintiff's appeal. The Tenth Circuit merely found that the jail physician was not "insulated from liability by providing some initial modicum of care," but the case "may look different once Dr. Myers is 'given an opportunity to clarify and explain [his] actions.'" Id. at 1142. There were no definitive findings as to the liability of the jail physician, and

---

[9]     Lucas also concerns the viability of other constitutional and tort claims against the jail and medical providers, but those types of claims are not at issue in this case.

the Tenth Circuit's ruling simply allowed the case to continue to discovery for further development of the plaintiff's claims.

The more significant problem with plaintiff's Lucas argument is that she is merely lifting quotations from the case concerning potential bases for a deliberate indifference claim without considering the factual allegations involved in the Lucas case. In Lucas, Caddell had requested treatment beginning in June 2019, and she alleged that the jail physician and Turn Key staff ignored her requests for medical treatment for months before finally transferring her to a hospital in November 2019. The jail physician repeatedly dismissed plaintiff's objectively serious complaints of pain and gave her Tylenol, and the physician claimed that Caddell's constant requests for medical treatment "do not fulfill medical logic," even though she was suffering from cervical cancer. In this case, White was seen by nurses on at least July 13 and 19, 2021, and he was likely evaluated in some fashion by Williams on July 17, 2021. White presented with symptoms similar to an upper respiratory infection and he was treated accordingly, even if he ultimately had COVID-19 and the treatments he received were ineffective to relieve his symptoms. Lucas does not stand for the proposition that treatment inherently gives rise to a deliberate indifference claim merely because it turns out to be incorrect or inadequate. In Lucas, the Tenth Circuit reviewed the plaintiff's allegations and was able to infer that the plaintiff might be able to establish the subjective element of deliberate indifference claim through pretrial discovery. In this context of a motion for summary judgment, Lucas could support an argument that based on the evidence before the Court that treatment was non-existent or so "woefully inadequate" that it would be reasonable for the factfinder to conclude that Turn Key subjectively disregarded a substantial risk of harm to an inmate.

However, <u>Lucas</u> does not permit this Court to disregard the standard of review under Rule 56 and make one-sided inferences based on plaintiff's view of the evidence.

A reasonable factfinder viewing the evidence in a light most favorable to plaintiff could not review the evidence in this case and reach the conclusion that Turn Key acted with the requisite subjective intent to deny appropriate medical care to White. Plaintiff's § 1983 claim against Turn Key is based solely on arguments concerning what treatment Turn Key staff should have provided under the circumstances to satisfy an objective standard of care. On July 13, 2021, White requested medical treatment and had symptoms that were generally consistent with an upper respiratory infection, and he received over-the-counter medication pursuant to a treatment protocol prepared by a Turn Key physician. After White initially appeared for treatment on July 13, 2021, he was transferred to OSUMC for emergency treatment six days later, and he was placed on supplemental oxygen after testing positive for COVID-19. The Court notes that plaintiff complains that White may not have been given a COVID-19 test by Turn Key before he was transferred to OSUMC, but his initial COVID-19 test at OSUMC was negative before a second COVID-19 test administered by OSUMC returned a positive result. White was initially in stable condition while he received supplemental oxygen at OSUMC, and even Dr. Wilcox agrees that White was not in critical condition when he arrived at OSUMC. The Court does not disregard evidence that White was sick and in pain for the six days between July 13 and July 19, 2021. However, the evidence produced by the parties does not suggest that Turn Key staff ignored White's complaints that he was seriously ill and, to the contrary, White was promptly transferred to a hospital when his oxygen saturation levels showed that his condition was substantially deteriorating. Plaintiff has not shown that Turn Key violated White's constitutional rights by acting with deliberate indifference to his need for

23

medical care. Due to plaintiff's failure to establish that he was denied constitutionally adequate medical care, plaintiff also cannot show that the Sheriff violated plaintiff's constitutional rights by failing to provide adequate medical care at the Jail or properly train detention staff in regards to inmate medical care, and summary judgment should be entered in favor of the Turn Key and the Sheriff.[10]

**IT IS THEREFORE ORDERED** that Defendant Sheriff's Motion for Summary Judgment and Brief in Support (Dkt. # 132) and Defendant Turn Key Health Clinics, LLC's Motion for Summary Judgment and Brief in Support (Dkt. # 140) are **granted**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that Defendants' Joint Application for Contempt and Motion to Exclude Witness (Dkt. # 129), Defendant Bowling's Motions in Limine and Brief in Support (Dkt. # 181), and Motion in Limine of Defendant Turn Key Health Clinics, LLC (Dkt. # 183) are **moot**.

**DATED** this 30th day of April, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[10]  Based on the Court's ruling that defendants did not violate White's constitutional rights, it is unnecessary for the Court to reach the parties' arguments concerning the existence of an official policy or custom to provide constitutionally inadequate healthcare at the Jail. The Court also does not reach defendants' arguments that they are immune from liability under the Public Readiness and Emergency Preparedness Act, 42 U.S.C § 247d-6d et seq.